**UNITED STATES of America**

v.

**Joe L. THOMAS.**

**Crim. No. 91–304 (CRR).**

United States District Court, District of Columbia.

Sept. 13, 1991.

Erik P. Christian, Office of the U.S. Atty., District of Columbia, with whom on

brief, Jay B. Stephans, U.S. Atty., for the District of Columbia, for U.S.

Michael C. Wallace, Sr., Asst. Federal Public Defender, with whom on brief A.J. Kramer, Federal Public Defender, for Joe L. Thomas.

## MEMORANDUM OPINION

CHARLES R. RICHEY, District Judge.

A jury trial was held in this Court on July 18, 1991 on a two-count Indictment charging the defendant, Joe L. Thomas, with possession of a firearm which had not been registered with the National Firearms Registration and Transfer Record in violation of 26 U.S.C. §§ 5861(d) and 5871, and possession of cocaine base in violation of 21 U.S.C. § 844(a). The jury found the defendant guilty of possession of the firearm only.

Before the Court is the defendant's Motion for Judgment of Acquittal or, in the Alternative, for New Trial, and the government's Opposition thereto. For the reasons set forth below, the Court shall deny the defendant's motion.

### I. Background

On April 24, 1991, members of the Metropolitan Police Department and the Alcohol, Tobacco and Firearms Task Force ("ATFTF") executed a search warrant on the premises of 405 Newcomb St., S.E., in apartment two, a one-bedroom apartment. The government introduced evidence that the defendant and his mother attempted to refuse the entry of the ATFTF agents by pushing the front door to the apartment closed.[1] After the officers successfully gained entry, they observed defendant Thomas retreat and attempt to run toward the sofa where he was eventually stopped. An immediate search of the sofa recovered a fully loaded 9 mm. handgun, and a 9 mm. clip containing ammunition, as well as a bottle containing a small amount of crack cocaine. Additional ammunition was found in other parts of the living room.

The agents searched the bedroom and located a safe on a shelf in a closet. The defendant stated that he neither owned nor knew the combination to the safe. The police forced the safe open and recovered a 12 gauge sawed-off shotgun. This shotgun is the subject of the possession of a firearm count at issue in this case. Also found in the safe was a fully-loaded .22 calibre handgun, ammunition including some identical to that recovered from the 9 mm. semi-automatic gun that was seized from the sofa, and a bottle containing phencyclidine (PCP) residue.

It is undisputed that only the defendant and his mother resided in the apartment, and personal papers bearing the defendant's name and the apartment's address were found therein. Also found were photographs of the defendant with firearms, one of which, according to the government, was a .22 calibre Arminius 8–shot revolver, the same type of handgun found in the safe along with the sawed-off shotgun. The other firearm pictured was identified by ATFTF agents as a high capacity semi-automatic pistol. A loaded magazine for a semi-automatic pistol was found in the safe.

### II. Analysis

#### A. Motion for New Trial

When ruling on a Motion for New Trial, the Court considers whether "the evidence preponderates sufficiently heavily against the verdict that a serious miscarriage of justice may have occurred." *United States v. Lincoln*, 630 F.2d 1313, 1319 (8th Cir.1980). This authority should be exercised sparingly and with caution. *Id.* The defendant must show that the weight of the credible evidence against a guilty verdict was greater than the weight of the credible evidence supporting such a verdict. *See Tibbs v. Florida*, 457 U.S. 31, 37–38, 102 S.Ct. 2211, 2215–16, 72 L.Ed.2d 652 (1982).

The defense asserts that the evidence is insufficient to establish that the defendant possessed the firearm in question, arguing

---

1. The defense asserts that upon entry, the defendant and his mother were "coming towards the front door."

that while the government offered a theory of constructive possession, it failed to offer any evidence of two essential elements of constructive possession: 1) that Mr. Thomas had dominion and control over the firearm; and 2) that his possession was "knowing". *See United States v. Hernandez,* 780 F.2d 113, 116 (D.C.Cir.1986). A review of the evidence shows, however, that while contrary interpretations are possible, the weight of the credible evidence against a guilty verdict is not greater than the weight of the credible evidence supporting the verdict, and no miscarriage of justice occurred.

In *United States v. Pardo,* 636 F.2d 535, 549 (D.C.Cir.1980) the court held that "mere proximity" to contraband is insufficient to establish constructive possession. There "must be some action, some word, or some conduct" linking the individual to the contraband in question, and indicating that the defendant had some stake in it and some power over it. *Id.* Evidence has been deemed sufficient to establish constructive possession where a defendant lived in an apartment and used the bedroom in which a shotgun was found. *United States v. Anderson,* 881 F.2d 1128 (D.C.Cir.1989). A finding of constructive possession of drugs was upheld where the defendant was found in a townhouse where drugs were sold, and upon police entry was observed pitching things into another room where drugs and a gun were found. *United States v. Dunn,* 846 F.2d 761, 764 (D.C.Cir.1988). A defendant's gesture toward a weapon when confronted by police can be evidence of constructive possession. *Hernandez,* 780 F.2d at 120. Moreover, the fact that a defendant took evasive action in response to the presence of police can be considered in inferring constructive possession. *Id.* at 117, citing *United States v. Reese,* 561 F.2d 894, 898 (D.C.Cir. 1977).

Evidence has been held insufficient to establish possession where a gun was found hidden (but partly visible) in a couch, and there was no evidence that the defendant lived in or leased the premises, or that he headed for the gun in question or knew of its existence. *United States v. Long,* 905 F.2d 1572, 1576 (D.C.Cir.1990). Similarly, evidence of drug possession was insufficient where the defendant was present in a confined area where a drug transaction was occurring, but there was no other evidence to link the defendant with the drugs. *Pardo,* 636 F.2d at 549–50.[2]

In this case, the evidence supports the jury's finding of constructive possession. The evidence goes beyond alleging the defendant's "mere proximity" to the gun. While it is true that there was no evidence that the defendant slept in the bedroom or knew the combination of the safe, there was other credible evidence allowing a reasonable inference that the defendant possessed the sawed-off shotgun found in the safe.

The photographs of the defendant with two firearms, one of which appeared to be identical to one of the guns found in the safe, link the defendant to the contents of the safe. It is a reasonable inference that the gun in the safe was the same gun that was in the photograph, that it belonged to the defendant, and that the defendant kept it in the safe.[3] It follows that if the defendant's gun was in the safe, the defendant knew about the safe and its contents. If so, a conclusion that the contents of the safe, including the sawed-off shotgun, were under the defendant's knowing dominion

---

2. The Court is well aware of the Court of Appeals for the District of Columbia Circuit's recent opinion by Judge Silberman in *United States v. Bruce,* 939 F.2d 1053 (D.C.Cir.1991), issued on August 2, 1991. In the *Bruce* case, a conviction under 18 U.S.C. § 924(c) for using and carrying a firearm during and in relation to a drug trafficking offense was reversed because the defendant was found to have "mere possession" of the gun rather than "use". *Bruce* is inapposite here because this case concerns possession and not use. There is no charge that Mr. Thomas used the firearm in relation to drug trafficking; the issue is simply whether he possessed the firearm at all.

3. Even if it was not the *same* gun, it could be evidence that the defendant kept that *type* of gun, another (albeit weaker) link between the defendant and the contents of the safe.

and control would be reasonable.[4]

The government also offered evidence that the defendant and his mother tried to prevent police entry. As previously stated herein, evasive action by a defendant when confronted by police can be some evidence of possession of contraband. *Hernandez,* 780 F.2d at 117, citing *United States v. Reese,* 561 F.2d 894, 898 (D.C.Cir.1977). Moreover, when the agents entered the apartment, the defendant attempted to run toward the sofa, where a loaded handgun was found. Ammunition identical to that found in this handgun was found in the safe. The defendant's residence in the apartment and presence there, along with the action of moving toward the sofa, evidences possession of the gun in the sofa. The presence of ammunition in the safe matching that of the gun found in the sofa is further support for the government's theory that the defendant knew of and had dominion and control over the contents of the safe, and also supports an inference of constructive possession.

While the reasoning supporting the verdict is inferential, it is not against the weight of the evidence. The defendant denied ownership of the safe and claimed that he did not know its combination, but these assertions are not necessarily more credible than the inferences to be drawn from the photographs, the defendant's actions upon police entry, and the fact that the defendant lived in the apartment where the safe was found.[5]

There was discussion at trial regarding whether the defendant slept in the bedroom where the safe was found. While evidence that the defendant slept there would have simplified the government's task of linking the defendant to the safe, it was not essential. In a small apartment, it is hardly incredible that the defendant could have kept his safe in what may have been his mother's closet. Moreover, the government's theory of constructive possession did not preclude the possibility of joint possession of the safe and its contents. Finally, the location of the safe is not crucial in light of the other indicia linking the defendant to the contents of the safe.

The defendant further argues that the evidence supporting the drug charge and the gun charge was the same, and the fact that the jury returned a verdict of not guilty on the drug count and guilty on the firearm charge indicates that the jurors were "overwhelmed" and prejudiced by the Government's "dramatic display" of firearms in this case. This argument fails because, as stated above, there was sufficient evidence to link the defendant to the shotgun. There were no photographs offered linking the defendant with drugs; this difference may have been crucial to the jury.

### B. Motion for Judgment of Acquittal

In considering a motion for judgment of acquittal, the Court must view the evidence in the light most favorable to the government, "allowing the government the benefit of all reasonable inferences that may be drawn from the evidence." *United States v. Musser,* 873 F.2d 1513, 1519 (D.C.Cir.1989). If the evidence permits either a verdict of acquittal or a verdict of guilt, the decision is for the jury. *United States v. Sutton,* 801 F.2d 1346, 1358 (D.C.Cir.1986) (citing *Curley v. United States,* 160 F.2d 229, 237 (D.C.Cir.1947), *cert. denied,* 331 U.S. 837, 67 S.Ct. 1511, 91 L.Ed. 1850 (1947)). The motion may be granted only when there is no evidence upon which a reasonable mind might find guilt beyond a reasonable doubt. *Hernandez,* 780 F.2d at 120, citing *United States v. Fench,* 470 F.2d 1234, 1242 (D.C.Cir.

---

**4.** In fact, the photographs suggest an additional link between the defendant and the contents of the safe. The defendant was photographed with two handguns. While one was of the same type as one found in the safe, another, according to ATFTF agents, was a semi-automatic pistol, a type of gun for which ammunition was found in the safe.

**5.** The defendant argues that no evidence was introduced that the gun in the photograph was the seized gun, or that the photographs were real. However, the government offered the opinion of AFTFT agents regarding the types of guns pictured. The Court finds the evidence offered by the government persuasive.

1973), *cert. denied,* 410 U.S. 909, 93 S.Ct. 964, 35 L.Ed.2d 271 (1973).

This standard is more difficult for the defendant to meet than the standard for granting a new trial, since the evidence is construed in the light most favorable to the government. The defendant fails to meet the lesser standard required for a new trial, because, as previously discussed herein, the verdict was not against the weight of the evidence. Therefore, the defendant also fails to meet the standard for a judgment of acquittal, because there was sufficient evidence to support the verdict, even without viewing the evidence in the light most favorable to the government.

The Court commends counsel on both sides, Michael C. Wallace, Sr., Assistant Federal Public Defender, and Erik P. Christian, Assistant United States Attorney, for their fine presentation of the evidence in this case and for their good work in connection with the pending motion.

### III. Conclusion

For all of the foregoing reasons, the Court shall deny the defendant's Motion for Judgment of Acquittal, or, in the Alternative, for New Trial.