COURT OF APPEALS OF VIRGINIA


Present: Chief Judge Fitzpatrick, Judge Annunziata and
         Senior Judge Coleman
Argued at Richmond, Virginia


CHARLES ANTHONY BIRDSONG
                                              OPINION BY
v.   Record No. 0516-01-2    CHIEF JUDGE JOHANNA L. FITZPATRICK
                                          MARCH 12, 2002
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF HENRICO COUNTY
                   George F. Tidey, Judge

          David M. Gammino for appellant.

          Stephen R. McCullough, Assistant Attorney
          General (Randolph A. Beales, Attorney
          General, on brief), for appellee.


     Charles Anthony Birdsong (appellant) was convicted in a

bench trial of possession of cocaine with intent to distribute,

in violation of Code § 18.2-248, and possession of a firearm

while in possession of cocaine, in violation of

Code § 18.2-308.4. On appeal, he contends that the evidence was

insufficient to prove he constructively possessed the drugs and

gun which were found in a locked safe. For the following

reasons, we affirm the judgment of the trial court.

                    I.  BACKGROUND

     Under familiar principles of appellate review, we examine the

evidence in the light most favorable to the Commonwealth, the

prevailing party below, granting to it all reasonable inferences

fairly deducible therefrom.  See Juares v. Commonwealth, 26 Va. App. 154, 156, 493 S.E.2d 677, 678 (1997).

So viewed, the evidence established that on April 6, 2000, at approximately 10:15 p.m., police officer Kevin Harver (Harver) executed a search warrant at 323 Winston Street in Henrico County.  Appellant was not present during the search. His mother, who lived at the home, arrived during the execution of the search warrant but remained outside.  The townhouse had two stories with two bedrooms upstairs, the front "female" bedroom and the rear "male" bedroom.

The male bedroom contained two beds and a closet.  A dresser and a locked safe were located inside the closet. Papers belonging to appellant were found on top of the dresser, in the dresser drawers, and scattered on the floor of the closet by the dresser.  All of the papers were addressed to Charles Birdsong, including a copy of a March 1, 2000 misdemeanor warrant, a cognizance bond receipt, a capias, and an Alltel phone bill.  Adult male clothes were also found in the room.  A handgun, ammunition, a baggie containing 27.5 grams of cocaine, and a sock stuffed with $2,900 out of a total $6,604.19 in cash were found inside the locked safe.  The sock tested positive for DNA that matched the DNA profile of appellant.  The DNA certificate of analysis indicated that the probability of randomly selecting an unrelated individual with a matching DNA profile was one in 88 million in the black population.

At trial, appellant's mother testified that neither the safe nor its contents belonged to her and that she did not know the combination to the safe. She stated that appellant had a key to the townhouse and used the rear bedroom. Her eleven-year-old son, Gregory, slept in the front room with her. Her third son, Rondell, who previously had been arrested for a drug offense, visited occasionally, but kept no property in the townhouse. She acknowledged that she had been working twelve hour days in April and did not know who was at the townhouse while she was at work.

Delores White (White), a neighbor who lived next door to 323 Winston Street, testified that during the spring of 2000 "[appellant] was there just about every day," and because of that, she asked him to "watch out for [her] apartment." During this time, she saw appellant leave the townhouse with "baggies in his hands." White also stated that on April 6, 2000, the day the search warrant was executed, at approximately 3:00 p.m. she saw appellant use a key to let himself and a female friend into the townhouse. White also testified that she knew appellant's brother Gregory, but she did not know Rondell.

## II. STANDARD OF REVIEW

In reviewing the sufficiency of the evidence, "the judgment of the trial court sitting without a jury is entitled to the same weight as a jury verdict." Saunders v. Commonwealth, 242

- 3 -

Va. 107, 113, 406 S.E.2d 39, 42, cert. denied, 502 U.S. 944 (1991).

"[T]he trial court's judgment will not be set aside unless plainly wrong or without evidence to support it." Hunley v. Commonwealth, 30 Va. App. 556, 559, 518 S.E.2d 347, 349 (1999). "The credibility of a witness and the inferences to be drawn from proven facts are matters solely for the fact finder's determination." Marable v. Commonwealth, 27 Va. App. 505, 509, 500 S.E.2d 233, 235 (1998) (citation omitted).

### III. CONSTRUCTIVE POSSESSION

Appellant contends the trial court erred in finding the evidence sufficient to prove that he constructively possessed the gun and drugs found in the locked safe. Specifically, he argues that the evidence at trial failed to show that he had access to the safe, was aware of the presence and character of the cocaine in the safe, and that he exercised dominion over it. We disagree.

"The Commonwealth may prove possession of a controlled substance by showing either actual or constructive possession." Barlow v. Commonwealth, 26 Va. App. 421, 429, 494 S.E.2d 901, 904 (1998).

"To establish 'possession' in the legal sense, not only must the Commonwealth show actual or constructive possession of the drug by the defendant, it must also establish that the defendant intentionally and consciously possessed the drug with

- 4 -

knowledge of its nature and character." Williams v.
Commonwealth, 14 Va. App. 666, 669, 418 S.E.2d 346, 348 (1992)
(citation omitted).

> To support a conviction based on
> constructive possession, "the Commonwealth
> must point to evidence of acts, statements,
> or conduct of the accused or other facts or
> circumstances which tend to show that the
> defendant was aware of both the presence and
> character of the substance and that it was
> subject to his dominion and control."

Glasco v. Commonwealth, 26 Va. App. 763, 774, 497 S.E.2d 150,
155 (1998) (citation omitted) (emphasis added).

"Proof of constructive possession necessarily rests on
circumstantial evidence; thus, '"all necessary circumstances
proved must be consistent with guilt and inconsistent with
innocence and exclude every reasonable hypothesis of
innocence."'" Burchette v. Commonwealth, 15 Va. App. 432, 434,
425 S.E.2d 81, 83 (1992) (citations omitted). However, "[t]he
Commonwealth need only exclude reasonable hypotheses of
innocence that flow from the evidence, not those that spring
from the imagination of the defendant." Hamilton v.
Commonwealth, 16 Va. App. 751, 755, 433 S.E.2d 27, 29 (1993).

> Although mere proximity to drugs is
> insufficient to establish possession, it is
> a circumstance which may be probative in
> determining whether an accused possessed
> such drugs. Ownership or occupancy of the
> [location] in which drugs are found is
> likewise a circumstance probative of
> possession. In resolving this issue, the

court must consider the totality of the circumstances disclosed by the evidence.

Glasco, 26 Va. App. at 774, 497 S.E.2d at 155 (internal citations omitted).

Appellant argues that our holding in Burchette controls the instant case.  In Burchette, we found the evidence insufficient to prove Burchette constructively possessed marijuana found in a car parked in front of his home.  Burchette, who was under investigation for suspected drug activity, drove another car from his house.  The police stopped him and, after finding no drugs in the car he was driving, asked for consent to search the car parked in front of his house.  Burchette refused to consent to the search.  The police returned to Burchette's house and, looking through the window of the parked car, saw plastic bags containing green plant-like material.  The officers obtained a search warrant and found, inside the car, sandwich bags with marijuana, a .9 mm loaded handgun, a wallet containing Burchette's driver's license and papers with his name on them, a cellular phone and cellular phone bill with Burchette's name on it.  We held that:

> The Commonwealth presented no evidence from which one reasonably could infer that Burchette occupied the vehicle or had exercised dominion over it while the marijuana was present in it.  The evidence failed to show either when Burchette may have used or occupied the vehicle or when or for how long the drugs or paraphernalia had been in it.  The evidence failed to show that Burchette was the exclusive or primary

operator of the vehicle, or that he possessed a set of keys to the vehicle, or when or by whom the vehicle had been most recently operated or occupied. The circumstances were not such that one reasonably could infer, to the exclusion of other reasonable hypotheses, that Burchette, as the owner of the vehicle, knew of the presence, nature and character of the contraband that was found in it.

Burchette, 15 Va. App. at 435-36, 425 S.E.2d at 84.

The instant case is clearly distinguishable from Burchette. The evidence when properly viewed, established that appellant occupied the bedroom and used the closet where the safe with the drugs was located. No evidence placed anyone other than appellant in that bedroom. His mother testified that she had no access to the safe and that she and her eleven-year-old son slept in a different bedroom. While appellant contends that his brother, Rondell, had access to the house, his mother testified that Rondell kept no property in the apartment, and no physical evidence linked him to the room, the safe or its contents. White, the next-door neighbor, placed appellant in the apartment "just about every day" including only hours before the search warrant was executed. She also testified that she had seen appellant leave the apartment with "baggies in his hands." Lastly, appellant's DNA was on the sock containing $2,900 found inside the safe.

Unlike Burchette, the evidence proved that appellant "occupied the [room] while the [drugs] were in it," was the

"exclusive or primary" occupant of the room and was in the home shortly before the execution of the search warrant. His contention that Rondell may have put the drugs in the safe is unsupported by any evidence. As we said in Hamilton, the Commonwealth is not required to exclude a hypothesis of innocence that finds its foundation in the "imagination of the defendant." 16 Va. App. at 755, 433 S.E.2d at 29. Thus, these are all circumstances properly considered by the trial court in its determination that appellant possessed the drugs and gun. Although standing alone, no one of these circumstances might be sufficient to prove appellant constructively possessed the drugs and gun found in the safe, viewed as a whole, we cannot say that the trial court erred in finding the evidence sufficient.

Affirmed.