COURT OF APPEALS OF VIRGINIA

Present: Judges Frank, Felton and Kelsey
Argued at Richmond, Virginia


TERRY DARNELL CHISM

v.     Record No. 2892-01-2

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE D. ARTHUR KELSEY
DECEMBER 17, 2002

FROM THE CIRCUIT COURT OF HALIFAX COUNTY
William L. Wellons, Judge

Michael L. Freshour, Assistant Public
Defender, for appellant.

John H. McLees, Senior Assistant Attorney
General (Jerry W. Kilgore, Attorney General;
Susan M. Harris, Assistant Attorney General,
on brief), for appellee.


The appellant, Terry Darnell Chism, claims that the trial court lacked sufficient evidence to convict him for possession of cocaine in violation of Code § 18.2-250 and simultaneous possession of cocaine and firearms in violation of Code § 18.2-308.4(A). The trial court erred, Chism contends, by finding that he knew of the presence and character of cocaine residue found on digital scales within his house. Without that predicate finding, Chism reasons, the firearm charge also must

---

     * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

be dismissed.  Because we find no error in the trial court's decision, we affirm Chism's conviction on both charges.

I.

When examining a challenge to the sufficiency of the evidence on appeal, we must review the evidence "'in the light most favorable to the Commonwealth'" and grant it the benefit of any reasonable inferences.  Ward v. Commonwealth, 264 Va. 648, 654, 570 S.E.2d 827, 831 (2002) (quoting Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975)).  That principle requires us to "'discard the evidence of the accused'" which conflicts, either directly or inferentially, with the Commonwealth's evidence.  Wactor v. Commonwealth, 38 Va. App. 375, 380, 564 S.E.2d 160, 162 (2002) (quoting Watkins v. Commonwealth, 26 Va. App. 335, 348, 494 S.E.2d 859, 866 (1998)).  We view the facts of this case, therefore, through this evidentiary prism.

In response to a concerned citizen's tip that Terry Darnell Chism was selling crack cocaine from his house, Deputy Sheldon Jennings of the Halifax County Sheriff's Office visited Chism's residence on December 9, 2000.  Deputy Jennings informed Chism of the reason for his visit and asked if he could search Chism's home for drugs.  Chism consented and allowed Jennings into his trailer.

Inside, Jennings found a set of Tonita digital scales in a kitchen cabinet. Chism acknowledged that he owned the scales and mentioned that he planned to sell them. Jennings, knowing that cocaine distributors commonly used similar scales, removed the scales from the cabinet to inspect them. Visibly apparent on the face of the scales, Jennings noticed residue of an off-white substance with an appearance "consistent with crack cocaine." In a trashbag in the kitchen, Jennings also discovered what appeared to be partially smoked marijuana. Jennings confiscated the scales and the evidence that he believed to be marijuana.

Moving his search to the trailer's den, Jennings noticed additional marijuana plainly visible on top of Chism's entertainment center. Jennings then found a rifle in the den and a second rifle in Chism's bedroom. When questioned about these items, Chism claimed that he did not own the marijuana, but admitted using the rifles for "target shooting."

At trial, the Commonwealth introduced into evidence a certificate of analysis from the Virginia Division of Forensic Science confirming that the digital scales contained measurable cocaine residue. Officer Jennings also testified that, based upon his experience as a member of a drug enforcement task force, possession of Tonita digital scales was "consistent with the distribution of cocaine."

-

Following the presentation of evidence at trial, the defense moved to strike the evidence, claiming that Chism did not know the nature and character of the residue on his scales. The trial court denied the motion and sentenced Chism to five years in prison for possession of cocaine and five years for possession of a firearm while possessing cocaine. The court suspended all five years of Chism's sentence for possession of cocaine. On appeal, Chism contends that the trial court lacked sufficient evidence upon which to convict him for possession of cocaine and, for that same reason, had no basis to convict him of simultaneous possession of cocaine and firearms.

## II.

Under settled principles, we "presume the judgment of the trial court to be correct" and reverse on sufficiency grounds only if the trial court's decision is "plainly wrong or without evidence to support it." Davis v. Commonwealth, 39 Va. App. 96, 99, 570 S.E.2d 875, 876-77 (2002) (citations omitted); see also McGee v. Commonwealth, 25 Va. App. 193, 197-98, 487 S.E.2d 259, 261 (1997) (en banc). In Virginia, an appellate court "is not permitted to substitute its own judgment for that of the finder of fact, even if the appellate court might have reached a different conclusion." Commonwealth v. Presley, 256 Va. 465, 466, 507 S.E.2d 72, 72 (1998); see also Harris v. Commonwealth, 38

-

Va. App. 680, 691, 568 S.E.2d 385, 390 (2002).[1]  Thus, the judgment of a "trial court sitting without a jury" advances to the appellate court with "the same weight as a jury verdict." Tarpley v. Commonwealth, 261 Va. 251, 256, 542 S.E.2d 761, 763 (2001) (citation omitted); Carter v. Commonwealth, 38 Va. App. 116, 119, 562 S.E.2d 331, 332 (2002).

In criminal cases, due process requires the prosecution to prove the defendant's guilt "beyond a reasonable doubt."  Fiore v. White, 531 U.S. 225, 228-29 (2001).  This essential safeguard of liberty, as stringent as it is, does not ignore the axiom that "'[e]vidence is seldom sufficient to establish any fact as demonstrated and beyond all doubt.'"  Harris v. Commonwealth, 206 Va. 882, 887, 147 S.E.2d 88, 92 (1966) (quoting Toler v. Commonwealth, 188 Va. 774, 780, 51 S.E.2d 210, 213 (1949)). Even so, mere suspicion of criminality coupled with a bare possibility of guilt can never suffice.

When the Commonwealth relies on circumstantial evidence, the reasonable doubt standard requires proof "sufficiently convincing to exclude every reasonable hypothesis except that of guilt."  Coleman v. Commonwealth, 226 Va. 31, 53, 307 S.E.2d

---

[1] "This is so because the judge, as fact finder, sees and hears the witnesses and, therefore, is better able to determine their credibility and weigh their testimony."  Jones v. Eley, 256 Va. 198, 201, 501 S.E.2d 405, 406 (1998) (citing Tuomala v. Regent University, 252 Va. 368, 375, 477 S.E.2d 501, 505-06 (1996)).

-

864, 876 (1983). This construct has two important subsidiary rules. First, only a hypothesis of innocence flowing "from the evidence, not those that spring from the imagination of the defendant" must be considered. Stevens v. Commonwealth, 38 Va. App. 528, 535, 567 S.E.2d 537, 540 (2002) (citation omitted). Second, whether an "alternative hypothesis of innocence is reasonable is a question of fact and, therefore, is binding on appeal unless plainly wrong." Id.; Harris, 38 Va. App. at, 691, 568 S.E.2d at 391; Archer v. Commonwealth, 26 Va. App. 1, 12-13, 492 S.E.2d 826, 832 (1997). In other words, only when a fact finder "arbitrarily" ignores the reasonableness of the innocence hypothesis should the decision be overturned on appeal. Stevens, 38 Va. App. at 535, 567 S.E.2d at 540 (citation omitted).

## III.

To convict an individual of illegally possessing drugs, the Commonwealth must establish that the defendant possessed an illicit substance and appreciated its illegal "nature and character." Birdsong v. Commonwealth, 37 Va. App. 603, 607, 560 S.E.2d 468, 470 (2002); see Ritter v. Commonwealth, 210 Va. 732, 741, 173 S.E.2d 799, 805 (1970). The Commonwealth can prove constructive possession with "'evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the defendant was aware of both the presence

-

and character of the substance and that it was subject to his dominion and control.'" Birdsong, 37 Va. App. at 607-08, 560 S.E.2d at 470 (quoting Glasco v. Commonwealth, 26 Va. App. 763, 774, 497 S.E.2d 150, 155 (1998)); see also Haskins v. Commonwealth, 31 Va. App. 145, 150, 521 S.E.2d 777, 779 (1999) (citations omitted). A suspect's actual possession of drugs, however, permits the inference that he is aware of its illegal nature and character. See Josephs v. Commonwealth, 10 Va. App. 87, 101, 390 S.E.2d 491, 498-99 (1990) (en banc) (citation omitted); Armstrong v. Commonwealth, 29 Va. App. 102, 114, 510 S.E.2d 247, 252-53 (1999).

Applied to this case, these principles confirm that the Commonwealth presented sufficient evidence to convict Chism. Officer Jennings discovered Tonita digital scales in Chism's kitchen. Knowing that drug dealers routinely used similar scales, Jennings removed the scales from the kitchen shelf to inspect them. He noticed a white residue plainly appearing on the face of the scales, which he suspected to be cocaine. Chism admitted owning the scales. From the fact that cocaine residue was visibly apparent to Jennings immediately upon examination, the trial court could reasonably infer that Chism, the owner and possessor of the scales, also knew of the residue's presence.

Despite direct evidence of Chism's admitted ownership of the scales and the visible cocaine residue on them, Chism

-

characterizes the case against him as one resting solely on circumstantial evidence.  We believe this view "mischaracterizes the Commonwealth's evidence."  Floyd v. Commonwealth, 31 Va. App. 193, 198, 522 S.E.2d 382, 384 (1999).  "Direct evidence is evidence that, if believed, resolves a matter in issue."  Id.  "Conversely, circumstantial evidence, even if accepted as true, requires additional reasoning to accept the proposition to which the evidence is directed."  Id. (citing McCormick On Evidence § 185 at 339 (4th ed. 1992)).  The incriminating evidence in this case —— visible cocaine residue on digital scales admittedly owned and possessed by Chism —— requires little, if any, "additional reasoning," id., to lead to the conclusion reached by the trial court.

In any event, even if the Commonwealth's case rested solely on circumstantial evidence, we still would not conclude that the trial court plainly erred in convicting Chism.  Chism's attempt at a reasonable hypothesis of innocence (buying cocaine-dusted scales solely for after-market resale) fell short, in the estimation of the fact finder, of being a reasonable explanation of the true facts.  That result is hardly surprising given the fact that (i) digital scales of this type are "consistent with the distribution of cocaine,"[2] (ii) other drugs were found in

---

[2] Indeed, the presence of digital scales can be a factor in finding a person guilty of possession of cocaine with intent to distribute.  See, e.g., McCain v. Commonwealth, 261 Va. 483,

-

plain view inside Chism's residence, and (iii) it is simply unreasonable to believe Chism did not see the cocaine residue plainly visible on the scales.

Because reasonable jurists could disagree on the evidentiary weight of these facts, as well as the inferences that follow from them, we cannot conclude the trial judge acted arbitrarily in rejecting Chism's proffered hypothesis. As a fact finder, the trial judge had the discretion to reject Chism's self-serving explanation and conclude that, by giving it, Chism was simply "lying to conceal his guilt." Shackleford v. Commonwealth, 262 Va. 196, 209, 547 S.E.2d 899, 907 (2001); Dowden v. Commonwealth, 260 Va. 459, 469, 536 S.E.2d 437, 442 (2000); Mughrabi v. Commonwealth, 38 Va. App. 538, 548, 567 S.E.2d 542, 546 (2002).

IV.

Whether measured in terms of direct or circumstantial evidence, the Commonwealth's case against Chism provided a sufficient basis for conviction on the cocaine possession and

_____

493, 545 S.E.2d 541, 547 (2001); White v. Commonwealth, 25 Va. App. 662, 668, 492 S.E.2d 451, 454 (1997) ("White's possession of an electronic scale concealed in his car and the crack cocaine shavings also found in the car provide a sufficient basis to support an inference that White was engaged in cutting up and weighing cocaine in his car.").

-

simultaneous possession of cocaine and firearms.  As a result, we affirm the trial court's decision on both charges.

Affirmed.
