COURT OF APPEALS OF VIRGINIA


Present:  Judges Bumgardner, Felton and Senior Judge Overton
Argued at Chesapeake, Virginia


KEONA M. LAWRENCE, S/K/A
 KENOA MONIQUE LAWRENCE
                                    MEMORANDUM OPINION[*] BY
v.    Record No. 1153-02-1        JUDGE RUDOLPH BUMGARDNER, III
                                         APRIL 1, 2003
COMMONWEALTH OF VIRGINIA


             FROM THE CIRCUIT COURT OF THE CITY OF SUFFOLK
                      Rodham T. Delk, Jr., Judge

            Denise Winborne, Assistant Public Defender
            (Office of the Public Defender, on brief),
            for appellant.

            Michael T. Judge, Assistant Attorney General
            (Jerry W. Kilgore, Attorney General;
            Linwood T. Wells, Jr., Assistant Attorney
            General, on brief), for appellee.


     Keona M. Lawrence contends the evidence was insufficient to

prove she possessed a firearm while in possession of a

controlled substance, Code § 18.2-308.4.  We agree the evidence

was insufficient to prove possession of the firearm and reverse

the conviction.

     We view the evidence in the light most favorable to the

Commonwealth and accord it all reasonable inferences fairly

deducible therefrom.  Commonwealth v. Taylor, 256 Va. 514, 516,

506 S.E.2d 312, 313 (1998).  The defendant was in her

_____

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

second-floor bedroom with Darious Simmons when his girlfriend, Laura Ricks, arrived. An argument ensued, and the defendant left to call the police from a public telephone. She remained outside her house until the police arrived. As the defendant spoke to the officer, Laura Ricks came outside and told the officer, "there was cocaine and a gun in the [defendant's] upstairs bedroom." The officer entered, saw two adults and a child in the living room, others on the stairwell, and a male and female upstairs at the doorway to the defendant's bedroom.

The defendant gave the officer permission to search her bedroom. He found a handgun between the mattress and box springs of the bed. He also saw a dollar bill and a plastic straw with cocaine residue on a dresser four feet from the bed. The defendant admitted the cocaine was hers, but at all times she denied the firearm was hers. The defendant testified that a friend told her Laura Ricks and Darious Simmons had put the gun under the mattress. The defendant also testified Darious Simmons had told her he put the gun there.

To prove constructive possession, the Commonwealth must point to evidence of acts, statements or conduct of the defendant that tend to show she was aware of the presence of the firearm and exercised dominion and control over it. Drew v. Commonwealth, 230 Va. 471, 473, 338 S.E.2d 844, 845 (1986).

"Where evidence is entirely circumstantial, all necessary circumstances proved must be consistent with guilt and

inconsistent with innocence, and must exclude every reasonable hypothesis of innocence." Bridgeman v. Commonwealth, 3 Va. App. 523, 526, 351 S.E.2d 598, 600 (1986).

The firearm was found under the defendant's mattress, in her bedroom, in her house, which she alone occupied with her infant child. However, no other evidence of any acts, conduct, or statements links her to the firearm. Evidence shows others had access to the place, and opportunity and motive to hide the firearm there. The defendant, Laura Ricks, and Darious Simmons were in the bedroom when the defendant left to call the police. Several people remained in the house, and two were upstairs at the door to the defendant's bedroom when the police entered. Laura Ricks came out to the porch and told the officer about the gun though it was secreted in a place not readily or normally accessed by visitors. Ricks and Simmons had access to the defendant's bedroom while the defendant was not present and had a motive to hide the gun if police arrived.

In Clodfelter v. Commonwealth, 218 Va. 619, 623, 238 S.E.2d 820, 822 (1977), drugs found in a motel room rented to the defendant, which contained his property, were insufficient to prove possession because someone else had been in the room. In Burchette v. Commonwealth, 15 Va. App. 432, 438, 425 S.E.2d 81, 86 (1992), evidence seized from the defendant's locked vehicle was insufficient to prove possession because no evidence indicated when the drugs were placed there, when the defendant

- 3 -

last used the vehicle, or whether he had exclusive use of it. Behrens v. Commonwealth, 3 Va. App. 131, 348 S.E.2d 430 (1986), reversed a conviction though the drugs were found in a hotel room rented to the defendant. No evidence showed the defendant had ever been in the room, but "two other men had been inside . . . during the week it was registered in Behrens' name." Id. at 136, 348 S.E.2d at 433. The facts of this case have the same failing as those cases; they fail to exclude all reasonable hypotheses of innocence.

The evidence did not exclude the theory suggested by the defendant's testimony that someone else put the firearm under her mattress. Other people were in her bedroom when the defendant left to call the police. They had reason to hide the gun and the opportunity to put it under the mattress. Nothing connected the defendant to the gun or its hiding place except the fact that it was her bedroom. Cf. Birdsong v. Commonwealth, 37 Va. App. 603, 609, 560 S.E.2d 468, 471 (2002) (evidence sufficient where drugs found in locked safe in defendant's bedroom, his DNA was on sock in safe stuffed with cash, and no evidence anyone other than defendant in room); Archer v. Commonwealth, 26 Va. App. 1, 13, 492 S.E.2d 826, 832 (1997) (evidence sufficient where firearm and knife found under mattress in motel room rented to defendant where defendant told police it may be there and admitted knife found was his, girlfriend's presence did not affect defendant's knowledge and

- 4 -

dominion and control over items found); Glasco v. Commonwealth, 26 Va. App. 763, 774-75, 497 S.E.2d 150, 155 (1998), aff'd, 257 Va. 433, 513 S.E.2d 137 (1999) (evidence sufficient where defendant denied knowledge of drug in car before officer told him he found any).

After considering all the evidence in the light most favorable to the Commonwealth, a reasonable hypothesis remains; someone other than the defendant hid the firearm because the police were coming. When "evidence leaves indifferent which of several hypotheses is true, or merely establishes only some finite probability in favor of one hypothesis, such evidence does not amount to proof of guilt beyond a reasonable doubt." Sutphin v. Commonwealth, 1 Va. App. 241, 248, 337 S.E.2d 897, 900 (1985).

We find the evidence was insufficient. Accordingly, we reverse the conviction and dismiss the indictment.

Reversed and dismissed.