COURT OF APPEALS OF VIRGINIA

Present: Judges Elder, Frank and Felton
Argued at Richmond, Virginia


TOBIAS NORRELL, S/K/A
 TOBIAS L. NORRELL
                                    MEMORANDUM OPINION* BY
v.    Record No. 0978-02-2            JUDGE LARRY G. ELDER
                                         APRIL 22, 2003
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                   Robert W. Duling, Judge Designate

            John W. Luxton (Morchower, Luxton & Whaley,
            on brief), for appellant.

            Donald E. Jeffrey, III, Assistant Attorney
            General (Jerry W. Kilgore, Attorney General;
            Linwood T. Wells, Jr., Assistant Attorney
            General, on brief), for appellee.


     Tobias Norrell (appellant) appeals from his bench trial

conviction for possession of cocaine with intent to distribute.

On appeal, he contends the evidence was insufficient to prove

his constructive possession of cocaine found inside a safe.  We

hold the circumstantial evidence was sufficient to prove his

constructive possession, and we affirm.

     Under familiar principles of appellate review, we examine

the evidence in the light most favorable to the Commonwealth,

granting to the evidence all reasonable inferences fairly

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

deducible therefrom.  Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).  Circumstantial evidence is sufficient to support a conviction provided it excludes every reasonable hypothesis of innocence flowing from the evidence. Hamilton v. Commonwealth, 16 Va. App. 751, 755, 433 S.E.2d 27, 29 (1993).

The possession necessary to support a conviction for the possession of cocaine may be actual or constructive.  See, e.g., Logan v. Commonwealth, 19 Va. App. 437, 444, 452 S.E.2d 364, 368 (en banc).  Establishing constructive possession requires proof "that the defendant was aware of both the presence and character of the [item] and that it was subject to his dominion and control."  Powers v. Commonwealth, 227 Va. 474, 476, 316 S.E.2d 739, 740 (1984).  A person's ownership or occupancy of premises on which the subject item is found, proximity to the item, and statements or conduct concerning the location of the item are probative factors to be considered in determining whether the totality of the circumstances supports a finding of possession. Archer v. Commonwealth, 26 Va. App. 1, 12, 492 S.E.2d 826, 831-32 (1997).  Possession "need not always be exclusive.  The defendant may share it with one or more."  Josephs v. Commonwealth, 10 Va. App. 87, 89, 390 S.E.2d 491, 497 (1990) (en banc).

Here, although Officer Kenneth Cornett said appellant entered the apartment through a window after trying to make sure

-

no one was watching, appellant said he had a key to the apartment and denied entering through the window. When asked if he lived there, appellant responded, "I stay here, it's my brother's house." When asked for identification, appellant said, "[I]t's back here," and walked immediately toward the rear of the residence. Appellant later went directly to one of the apartment's two bedrooms where he examined the pockets of three articles of clothing located on the floor and the bed of that room. Although appellant said he could not locate his identification, police subsequently found appellant's current Virginia identification card in a tennis shoe in the closet of that room. Also in the room were appellant's J. Sargeant Reynolds picture student i.d. and two photographs of appellant. This evidence, including appellant's statements that he "stay[ed]" in the apartment and had a key, supported the inference that appellant occupied the bedroom in which the above items were found.

Other evidence linked appellant to the contents of the safe found beneath the bed in that room, despite the fact that a key to the safe was not found in his possession. When police opened the safe, they found a contract for a cellular telephone bearing the signature of Tobias Norrell as the guarantor and dated October 1, 2001, only two days prior the officers' search of the apartment. By comparing the signature on the cellular telephone contract with the signatures on appellant's Virginia and J.

-

Sargeant Reynolds identification cards, both of which contained appellant's photograph, the finder of fact could conclude that appellant was the person who had signed the cell phone contract. See Wileman v. Commonwealth, 24 Va. App. 642, 647, 484 S.E.2d 621, 623-24 (1997) (noting that fact finder may conduct "side-by-side comparison of genuine samples and alleged samples" to determine whether handwriting is that of a particular person).

Also in the safe was a box for a cellular telephone. At the time of appellant's arrest, he had in his possession a cellular telephone that matched the picture on the box. Thus, the only reasonable hypothesis flowing from the evidence is that appellant had access to the safe and constructively possessed the quantity of cocaine also found in the safe, either jointly or exclusively. See Birdsong v. Commonwealth, 37 Va. App. 603, 607-10, 560 S.E.2d 468, 470-72 (2002) (holding evidence need not establish defendant knew combination to safe containing cocaine where direct evidence linked him to other evidence in safe and circumstantial evidence established his constructive possession of drugs). The fact that an identification card for Eric Pretty, the person who rented the apartment, was found beneath the safe and that Pretty may also have had possession of the cellular telephone matching the box in the safe on the day of the search does not require a different result.

-

For these reasons, we hold the circumstantial evidence proved appellant constructively possessed the cocaine found in the safe.  Thus, we affirm his conviction for possession of cocaine with intent to distribute.

<u>Affirmed</u>.