COURT OF APPEALS OF VIRGINIA

Present:   Judges Frank, Petty and Senior Judge Willis
Argued at Chesapeake, Virginia


WARREN BANKS, A/K/A
  SHORTSTOP
                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 0075-06-1                      JUDGE ROBERT P. FRANK
                                                       FEBRUARY 13, 2007
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF SOUTHAMPTON COUNTY
                         E. Everett Bagnell, Judge

              Alvin A. Lockerman, Jr. (Outten, Barrett, & Whitby, P.C., on brief),
              for appellant.

              Richard B. Smith, Special Assistant Attorney General (Robert F.
              McDonnell, Attorney General, on brief), for appellee.


        Warren Banks, appellant, was convicted, in a bench trial, of possession of a firearm while in

possession of cocaine, in violation of Code § 18.2-308.4(A).  On appeal, appellant contends the

evidence failed to prove he was aware of the presence of a set of scales, which contained cocaine

residue, located inside a locked safe.  For the reasons stated, we affirm the judgment of the trial

court.

                                    BACKGROUND

        Police officers arrested appellant at his grandparents' house where he had been residing

"probably most like two weeks out of a month."  Appellant had no other permanent residence.  The

grandparents identified a particular bedroom as the one where appellant spent most of his time, and

they gave the officers permission to search their house.

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Police found a locked "box safe" in the bedroom adjoining appellant's room. Detective Delgado pried open the safe and found inside appellant's social security card, a picture identification card bearing appellant's picture, "miscellaneous paperwork" belonging to appellant's cousin Leonard Ricks, a digital scale with an off-white substance (later analyzed to be cocaine), a .22 caliber firearm, and a box of .38 caliber ammunition. Appellant did not have a key to the safe.

After Detective Barham advised appellant of his rights pursuant to <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966), appellant stated, "Okay, I know what's in the box, but I didn't put it there." Appellant further offered, "The gun, I saw it but it ain't mine." Regarding the gun, appellant finally admitted, "I touched it, I mean, I picked it up, then I just put it back in the box, but it ain't mine."

Appellant testified he lived at his grandparents' house "off and on," "most likely two weeks out of a month," yet he did not consider himself living there. At trial, appellant denied touching the gun, or even seeing it. He denied telling the detective he knew the contents of the safe. Appellant, a convicted distributor of drugs, denied knowing scales are used to weigh drugs for distribution; denied accessing the safe; and denied placing his photo identification and social security card in the safe. Upon cross-examination, appellant admitted that he knew what cocaine was, that he knew what cocaine residue looked like, and that he had previously been convicted of distributing cocaine.

In finding appellant guilty, the trial court indicated appellant's testimony was evasive and not credible. This appeal follows.

ANALYSIS

On appeal, appellant presents a very narrow argument on sufficiency. His challenge is limited to whether the evidence showed "appellant was aware of the scales [sic] presence in the

safe."[1]  Thus, we limit our analysis to this issue.  See Rule 5A:12(c) ("Only questions presented in the petition for appeal will be noticed by the Court of Appeals.").

"When a defendant challenges on appeal the sufficiency of the evidence to sustain his convictions, it is the appellate court's duty to examine the evidence that tends to support the convictions and to permit the convictions to stand unless they are plainly wrong or without evidentiary support."  Commonwealth v. Jenkins, 255 Va. 516, 520, 499 S.E.2d 263, 265 (1998) (citing Code § 8.01-680).  "If there is evidence to support the convictions, the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial."  Id.  Conflicts in the evidence are resolved by the fact finder, and such conflicts are not revisited on appeal unless "'the evidence is such that reasonable [persons], after weighing the evidence and drawing all just inferences therefrom, could reach but one conclusion.'"  City of Bedford v. Zimmerman, 262 Va. 81, 86, 547 S.E.2d 211, 214 (2001) (quoting J & E Express, Inc. v. Hancock Peanut Co., 220 Va. 57, 62, 255 S.E.2d 481, 485 (1979)).

In practical terms, a reviewing court does not "'ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'"  Stevens v. Commonwealth, 46 Va. App. 234, 249, 616 S.E.2d 754, 761 (2005) (*en banc*) (quoting Jackson v. Virginia, 443 U.S. 307, 318-19 (1979)) (emphasis in original), aff'd, 272 Va. 481, 634 S.E.2d 305 (2006).  We ask only whether "'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'"  Id. (quoting Kelly v. Commonwealth, 41 Va. App. 250, 257, 584 S.E.2d 444, 447 (2003) (*en banc*)).  "'This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.'"  Kelly, 41 Va. App. at 257-58, 584

---

[1] Appellant does not challenge that the scales contained cocaine residue or that the residue was readily apparent on the scales.  He contends only that the evidence failed to prove he was aware that the scales were inside the safe.

S.E.2d at 447 (quoting Jackson, 443 U.S. at 319). Thus, we do not "substitute our judgment for that of the trier of fact" even if our opinion were to differ. Wactor v. Commonwealth, 38 Va. App. 375, 380, 564 S.E.2d 160, 162 (2002).

The Commonwealth may prove possession of an item or substance by showing either actual or constructive possession. Barlow v. Commonwealth, 26 Va. App. 421, 429, 494 S.E.2d 901, 904 (1998). "To establish 'possession' in the legal sense, not only must the Commonwealth show actual or constructive possession of the drug by the defendant, it must also establish that the defendant intentionally and consciously possessed the drug with knowledge of its nature and character." Williams v. Commonwealth, 14 Va. App. 666, 669, 418 S.E.2d 346, 348 (1992).

> To support a conviction based upon constructive possession of drugs, "the Commonwealth must point to evidence of acts, statements or conduct of the accused *or other facts or circumstances which tend to show that the defendant* was aware of both the presence and character of the substance and that it was subject to his dominion and control."

Glasco v. Commonwealth, 26 Va. App. 763, 774, 497 S.E.2d 150, 155 (1998) (quoting Powers v. Commonwealth, 227 Va. 474, 476, 316 S.E.2d 739, 740 (1984)) (emphasis added), aff'd, 257 Va. 433, 513 S.E.2d 137 (1999). A person's ownership or occupancy of premises on which the subject item is found, proximity to the item, and statements or conduct concerning the location of the item are probative factors to be considered in determining whether the totality of the circumstances supports a finding of possession. Archer v. Commonwealth, 26 Va. App. 1, 12, 492 S.E.2d 826, 831-32 (1997).

"Proof of constructive possession necessarily rests on circumstantial evidence; thus, 'all necessary circumstances proved must be consistent with guilt and inconsistent with innocence and exclude every reasonable hypothesis of innocence.'" Burchette v. Commonwealth, 15 Va. App. 432, 434, 425 S.E.2d 81, 83 (1992) (quoting Garland v. Commonwealth, 225 Va. 182, 184, 300 S.E.2d 783, 784 (1983)). However, "[t]he Commonwealth need only exclude

reasonable hypotheses of innocence that flow from the evidence, not those that spring from the imagination of the defendant." Hamilton v. Commonwealth, 16 Va. App. 751, 755, 433 S.E.2d 27, 29 (1993). Whether a particular hypothesis is reasonable is a question of fact binding on appeal "'so long as the inferences are reasonable and justified.'" Cantrell v. Commonwealth, 7 Va. App. 269, 290, 373 S.E.2d 328, 339 (1988) (quoting Higginbotham v. Commonwealth, 216 Va. 349, 353, 218 S.E.2d 534, 537 (1975)).

Appellant contends the evidence does not prove he "knowingly and intentionally" possessed the scales, nor that he had "dominion and control" of the scales. Appellant cites Burchette, 15 Va. App. 432, 425 S.E.2d 81, to support his position. In Burchette, we held that although police found marijuana in plain view, and a wallet containing Burchette's operator's license in Burchette's locked car, no evidence proved Burchette was in the vehicle when the marijuana was present. Id. at 439, 425 S.E.2d at 86. Similarly, appellant here argues that although he told police he knew the contents of the safe and that he had accessed the safe, nothing proves the scales were in the safe when he accessed it.

Appellant's argument fails, as Burchette can be distinguished on its facts. The nature of a small safe is significantly different than that of a passenger vehicle. A safe is designed to shield items of personal property from the reach of others and to conceal its contents. By its very nature, a safe is intended to limit who exercises dominion and control over the items contained therein. An automobile provides no such exclusivity, as it is designed to transport multiple passengers from one place to another.

Additionally, Burchette did not acknowledge he was familiar with drugs, nor did he make any admissions as to his knowledge of the contents of the vehicle. Here, the trial court indicated it found appellant's testimony denying his prior access to the safe unworthy of belief. "A defendant's false statements are probative to show he is trying to conceal his guilt, and thus is

evidence of his guilt." Rollston v. Commonwealth, 11 Va. App. 535, 548, 399 S.E.2d 823, 831 (1991).

Appellant admitted to the police officer that he knew of the contents of the safe and that he had accessed the safe.[2] From this, the trial court, as fact finder, could infer that appellant knew the scales were in the safe. Appellant also admitted he knew the gun was in the safe and that he had, in fact, picked up the gun. Since the scales and gun were located in the same safe, the trial court could also conclude appellant had dominion and control of the scales. See United States v. Thomas, 772 F. Supp. 674 (D.D.C. 1991) (holding that, though there was no evidence that defendant slept in the bedroom where the safe was located or that he knew the combination of the safe, the jury could have reasonably inferred that he was in constructive possession of the firearm found in the safe given the existence of a photograph of defendant holding the firearm), aff'd mem., 990 F.2d 1378 (D.C. Cir. 1993).

Further, appellant's social security card and photo identification card were located in the same safe where the scales were found. This, too, is a circumstance that allows the trial court to conclude appellant was aware of the scales. See Birdsong v. Commonwealth, 37 Va. App. 603, 610, 560 S.E.2d 468, 471-72 (2002) ("Although standing alone, no one [circumstance] might be sufficient to prove appellant constructively possessed the drugs . . . found in the safe, viewed as a whole, we cannot say that the trial court erred in finding the evidence sufficient.").

---

[2] The fact that appellant did not have a key to the safe in his possession is of no consequence. Appellant admitted handling items inside of the safe on a prior occasion, demonstrating that he had access to the safe and its contents. See Birdsong v. Commonwealth, 37 Va. App. 603, 607-10, 560 S.E.2d 468, 470-72 (2002) (holding evidence need not establish defendant knew combination to safe containing cocaine where direct evidence linked him to other evidence in safe and circumstantial evidence established his constructive possession of drugs).

Appellant points to several items found in the safe that belonged to his cousin, Leonard Ricks. Additionally, because the safe was found in the room normally occupied by Ricks,[3] appellant contends that Ricks put the gun and scales in the safe.

We note that the Commonwealth was not required to prove that appellant was the only person capable of exercising dominion and control over the scales. As we have held, a defendant's possession of an illegal substance "'need not be exclusive.'" Barlow, 26 Va. App. at 429, 494 S.E.2d at 905 (quoting Ritter v. Commonwealth, 210 Va. 732, 741, 173 S.E.2d 799, 805-06 (1970)). Rather, "'[t]he defendant may share [drugs] with one or more'" other individuals. Id. (quoting Ritter, 210 Va. at 741, 173 S.E.2d at 805-06); see also Wells v. Commonwealth, 32 Va. App. 775, 781, 531 S.E.2d 16, 19 (2000) ("Possession need not be actual, exclusive, or lengthy in order to support a conviction; instead, the statute criminalizes constructive or joint possession . . . of any duration.").

## CONCLUSION

We conclude the evidence was sufficient to prove appellant "was aware of both the presence and the character" of the scales and the scales were "subject to his dominion and control." We therefore affirm the judgment of the trial court.

Affirmed.

---

[3] While appellant testified the room where the safe was found belonged to Ricks, no other evidence supported appellant's statement.

- 7 -