COURT OF APPEALS OF VIRGINIA

Present: Judges Frank, McClanahan and Petty
Argued at Salem, Virginia


JON FRANKLIN PAINTER

                                                    MEMORANDUM OPINION[*] BY
v.      Record No. 0104-08-3                        JUDGE ROBERT P. FRANK
                                                        DECEMBER 16, 2008

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF AUGUSTA COUNTY
Thomas H. Wood, Judge

(S. Scott Baker, on brief), for appellant. Appellant submitting on
brief.

Josephine F. Whalen, Assistant Attorney General (Robert F.
McDonnell, Attorney General, on brief), for appellee.


Jon Franklin Painter, appellant, was convicted, in a bench trial, of distribution of

methamphetamine, in violation of Code § 18.2-248; possession of methamphetamine, in violation of

Code § 18.2-250; and possession of a firearm while in possession of methamphetamine, in violation

of Code § 18.2-308.4. On appeal, he challenges the sufficiency of the evidence on the two

possession charges.[1] For the reasons stated, we affirm the judgment of the trial court.

BACKGROUND

"On appeal, 'we review the evidence in the light most favorable to the Commonwealth,

granting to it all reasonable inferences fairly deducible therefrom.'" Archer v. Commonwealth, 26

Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (quoting Martin v. Commonwealth, 4 Va. App. 438,

443, 358 S.E.2d 415, 418 (1987)).

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] The distribution charge is not before us.

On February 22, 2005, with the cooperation of a confidential informant (CI), the Augusta County Sheriff's Office set up a controlled drug purchase from appellant. The CI was given five $20 bills, copies of which were retained by the sheriff's office. The CI was instructed to buy a gram of methamphetamine from appellant with the five $20 bills.

The CI had known appellant since childhood and had been in appellant's single-wide trailer a number of times, buying drugs from appellant "a dozen or so" times. On previous occasions, CI saw drugs and a number of guns in appellant's trailer.

The deputies and officers from another jurisdiction followed CI to appellant's trailer. CI found appellant outside the trailer, working on a vehicle. CI asked appellant for a gram. Appellant responded "a gram was going for $85 and a half ball[2] was going for $125." Appellant then went inside his trailer and returned with "over a gram" of methamphetamine. CI gave appellant the five $20 bills, and appellant delivered the drugs to CI. CI left and turned the methamphetamine over to Deputy Josh Sholes of the Augusta County Sheriff's Office.

Based on the purchase, Deputy Sholes obtained a search warrant for appellant's trailer. A number of officers from different jurisdictions executed the warrant.

Deputy Sholes saw a red Jeep leaving the area of appellant's trailer, driving towards Waynesboro. Appellant was known to drive a red Jeep. About twenty minutes later, Sholes saw the red Jeep returning. The Jeep passed Sholes's location, turned around, and its headlights illuminated the officers' vehicles. The Jeep exited the area and drove at a high rate of speed towards appellant's trailer.

---

[2] A "half ball" is a half of an "eight ball" or an eighth of an ounce, i.e. 3.5 grams. Dunn v. Commonwealth, 52 Va. App. 611, 665 S.E.2d 868 (2008); Christian v. Commonwealth, 33 Va. App. 704, 708, 536 S.E.2d 477, 479 (2000).

Concerned that appellant was returning to the trailer, Sholes contacted the other officers to advise them appellant was on his way to his trailer. Appellant drove the Jeep behind the trailer and entered his trailer. As the police team moved in to execute the warrant, appellant opened the door and was accidentally shot in the leg. He was treated and was allowed to remain at the scene while the officers executed the warrant. Appellant told the officers that he had suspected he had been under surveillance for several days and there were people he believed to be police across from his residence, watching his trailer.

Inside the trailer, the search team found a cache of 29 guns, among them rifles, shotguns, and three handguns.[3] Two of the weapons were loaded. From appellant's wallet, they recovered four of the five $20 bills they had given CI to make the controlled purchase earlier that day. The police recovered several sets of scales in the trailer and mail addressed to appellant at that address, lying on the kitchen table.

In the master bedroom, one of two bedrooms in the trailer, police found a smoking device containing methamphetamine residue. The pipe was located "just inside the closet door, right at the lip of the entrance of the closet door." The closet had no door. Anyone in the master bedroom could see the pipe with no obstruction.

Police found another person, appellant's neighbor, in the trailer, at the opposite end of the trailer from the master bedroom. The neighbor was found to have a methamphetamine pipe in his pocket.

Appellant was convicted of the three counts. This appeal followed.

---

[3] The record does not indicate where the weapons were found.

ANALYSIS

Appellant contends the only evidence to support his conviction is his ownership or occupancy of the trailer in which the methamphetamine and weapons were found. We disagree with appellant's characterization of the evidence.

When faced with a challenge to the sufficiency of the evidence, we "presume the judgment of the trial court to be correct" and reverse only if the trial court's decision is "plainly wrong or without evidence" to support it. Kelly v. Commonwealth, 41 Va. App. 250, 257, 584 S.E.2d 444, 447 (2003) (en banc) (citations omitted). A reviewing court does not "'ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" Stevens v. Commonwealth, 46 Va. App. 234, 249, 616 S.E.2d 754, 761 (2005) (en banc) (quoting Jackson v. Virginia, 443 U.S. 307, 318-19 (1979)) (emphasis in original), aff'd, 272 Va. 481, 634 S.E.2d 305 (2006). We ask only whether "'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" Id. (quoting Kelly, 41 Va. App. at 257, 584 S.E.2d at 447). "'This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.'" Kelly, 41 Va. App. at 257-58, 584 S.E.2d at 447 (quoting Jackson, 443 U.S. at 319). Thus, we do not "substitute our judgment for that of the trier of fact" even if our opinion were to differ. Wactor v. Commonwealth, 38 Va. App. 375, 380, 564 S.E.2d 160, 162 (2002).

POSSESSION OF METHAMPHETAMINE

To convict a person of illegal possession of drugs, the Commonwealth must prove beyond a reasonable doubt that the defendant possessed an illicit substance and appreciated its illegal "nature and character." Birdsong v. Commonwealth, 37 Va. App. 603, 607, 560 S.E.2d 468, 470 (2002). The Commonwealth may prove possession of a controlled substance by showing either actual or constructive possession. Id. To establish possession in the legal sense, not only must the

Commonwealth show actual or constructive possession of the drug by the defendant, it must also establish that the defendant intentionally and consciously possessed the drug with knowledge of its nature and character. Williams v. Commonwealth, 14 Va. App. 666, 669, 418 S.E.2d 346, 348 (1992). "'Knowledge of the presence and character of the controlled substance may be shown by evidence of the acts, statements or conduct of the accused.'" Id. (quoting Eckhart v. Commonwealth, 222 Va. 447, 450, 281 S.E.2d 853, 855 (1981)).

It is not contested that appellant occupied the trailer. Appellant correctly states that occupancy alone is insufficient to prove possession. Code § 18.2-250(A) states, in relevant part, that "[u]pon the prosecution of a person for a violation of this section, ownership or occupancy of premises or vehicle upon or in which a controlled substance was found shall not create a presumption that such person either knowingly or intentionally possessed such controlled substance." However, while proximity to a controlled substance is by itself insufficient to establish possession, it is probative of possession and is a factor to be considered in determining whether an accused constructively possessed drugs. Brown v. Commonwealth, 5 Va. App. 489, 492, 364 S.E.2d 773, 774 (1988) (citing Lane v. Commonwealth, 223 Va. 713, 716, 292 S.E.2d 358, 360 (1982)); see also Rawls v. Commonwealth, 272 Va. 334, 349-50, 634 S.E.2d 697, 705 (2006). In this case, appellant's occupancy of the trailer and proximity to the methamphetamine, combined with other considerations, demonstrate his guilt beyond a reasonable doubt.

Since appellant had gone into the trailer to retrieve the methamphetamine to sell to CI earlier that day, the fact finder could properly infer there was methamphetamine in the trailer. From that sale, the fact finder could also conclude appellant was familiar with the nature and character of the methamphetamine. See Haskins v. Commonwealth, 44 Va. 1, 10, 602 S.E.2d 402, 406 (2002) (Haskins's prior drug use was relevant to support an inference that he knew cocaine when he saw

it).  This conclusion is further bolstered by the fact that digital scales were found in the trailer, as well as money that CI had been given to make the drug buy.

The evidence also revealed that when appellant spotted the police he sped back to his trailer.  The fact finder could conclude from this behavior that appellant was aware of and was anxious to dispose of the remaining drugs located in the trailer.  It is important to remember that appellant indicated to CI that he had more than the gram of methamphetamine that CI had requested.  Appellant later told police that he had suspected he was under surveillance.

Further, the methamphetamine was found on a pipe at the front of a closet with no door.  The pipe was not hidden or concealed and was in obvious view.  See Maye v. Commonwealth, 44 Va. App. 463, 484, 605 S.E.2d 353, 363 (2004) (There was no error in the trial court's conclusion that the evidence supported the defendant's conviction for possession of a firearm, where the firearm was in open and obvious view of the defendant.).

There was no evidence that anyone other than appellant lived in the trailer.  Although another man, a neighbor, was present in the trailer, he did not live there; mail addressed only to appellant was found in the trailer.  In addition, the pipe containing methamphetamine residue was not found in a public area of the residence, nor was it found near the visitor.  Rather, it was found at the opposite end of the trailer, in the master bedroom, where neighbors and guests would not ordinarily enter.  Furthermore, the neighbor had his own pipe, also containing methamphetamine residue, as well as methamphetamine and marijuana.  These items were found in the neighbor's pants pocket.  It is not reasonable to believe that the neighbor would have placed a second pipe on the floor of the bedroom closet.

The neighbor's presence in appellant's trailer does not obviate the facts that appellant had previously sold drugs and currently had drugs in the trailer.  The fact finder reasonably concluded that appellant had disposed of drugs and had scales and other paraphernalia in his residence.

Nevertheless, possession of a controlled substance need not be exclusive, but rather may be joint. See Ritter v. Commonwealth, 210 Va. 732, 741, 173 S.E.2d 799, 805-06 (1970).

All of these factors demonstrate that appellant was aware of the presence of the methamphetamine and that it was subject to his dominion and control. The trial court did not err in convicting appellant of possession of methamphetamine.

POSSESSION OF A FIREARM WHILE IN POSSESSION OF DRUGS

This Court has recognized that the same principles which govern the constructive possession of illegal drugs also apply to the constructive possession of firearms. See Blake v. Commonwealth, 15 Va. App. 706, 708-09, 427 S.E.2d 219, 220-21 (1993).

Appellant contends that there is no evidence of any acts, statements, conduct, or other factors that would show his knowledge of the presence of firearms in his home. We find no merit in this argument. Police found 29 firearms in appellant's single-wide trailer. Most of those firearms were large rifles or shotguns. The CI had been in appellant's trailer two months earlier and had seen guns and a gun cabinet.

Futhermore, we have repeatedly found a nexus between weapons and the sale of drugs.

> Factfinders may take into account "the commonsense 'relationship between the distribution of controlled substances . . . and the possession and use of dangerous weapons.'" Logan v. Commonwealth, 19 Va. App. 437, 445, 452 S.E.2d 364, 369 (1994) (en banc). "Guns are the 'tools of the trade' in the underground drug world." Thomas v. Commonwealth, 44 Va. App. 741, 755, 607 S.E.2d 738, 744 (citation omitted), adopted upon reh'g en banc, 45 Va. App. 811, 613 S.E.2d 870 (2005). In a variety of contexts, courts have observed "the connection between illegal gun operations and guns in our society is a tight one." Jones v. Commonwealth, 272 Va. 692, 701 n.3, 636 S.E.2d 403, 407 n.3 (2006) (quoting in parenthetical United States v. Grogins, 163 F.3d 795, 799 (4th Cir. 1998)). As a result, "evidence linking a defendant to drug distribution may be considered as one factor in determining whether he may have had a motive to possess a firearm." Thomas, 44 Va. App. at 755, 607 S.E.2d at 744.

Bolden v. Commonwealth, 49 Va. App. 285, 293, 640 S.E.2d 526, 530 (2007).

These facts demonstrate that the firearm was within appellant's dominion and control and that he was aware of the presence of the firearm.

## CONCLUSION

For the foregoing reasons, we conclude that the evidence was sufficient to prove that appellant possessed methamphetamine and that he possessed a firearm while in possession of methamphetamine. Accordingly, we affirm appellant's convictions.

<u>Affirmed.</u>