**Richmond**

RONALD WALTER WILLIAMS

v.

COMMONWEALTH OF VIRGINIA

No. 0300-91-2

Decided June 9, 1992

COUNSEL

John B. Boatwright, III (Boatwright & Linka, on brief), for appellant.

Oliver L. Norrell, III, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

BENTON, J.—Ronald Walter Williams was convicted of attempting to fraudulently obtain a controlled substance in violation of Code § 18.2-258.1. Williams contends that the evidence against him was insufficient to prove beyond a reasonable doubt the necessary elements of the offense. We agree and reverse the conviction.

## I.

The evidence proved that a person purporting to be Dr. Hal Mathews telephoned the Westbury Pharmacy and prescribed diazepam (commonly known as Valium) for Sidney Johnson. The pharmacist who received the telephone call testified that the telephone call was suspicious. The pharmacist decided to verify the prescription and learned that Dr. Mathews did not make the telephone call. After speaking with Dr. Mathews, the pharmacist contacted Virginia State Police Agent Norman Hendricks and informed him of the suspicious order. At Hendricks's request, the pharmacist prepared a prescription for Sidney Johnson, but placed multi-vitamins in the bottle instead of diazepam. Later that day, Williams came into the pharmacy and said, "I'm here to pick up the prescription for Sidney Johnson." Williams paid for the prescription and left the pharmacy. Outside the pharmacy, Hendricks asked Williams if he purchased a prescription. Williams said that he had. Hendricks then asked Williams if his name was Sidney Johnson. Williams replied that it was not and gave Hendricks his name. Williams told Hendricks that he picked up the prescription

for another person. Williams was arrested, given *Miranda* warnings, and made no other statements.

## II.

Williams was indicted and convicted for violating the following statute:

It shall be unlawful for any person to obtain or attempt to obtain any drug or procure or attempt to procure the administration of any controlled substance or marijuana: (i) by fraud, deceit, misrepresentation, or subterfuge; or (ii) by the forgery or alteration of a prescription or of any written order; or (iii) by the concealment of a material fact; or (iv) by the use of a false name or the giving of a false address.

Code § 18.2-258.1(A).

Although the evidence proved that someone falsely represented himself to be a physician and fraudulently prescribed a drug for Sidney Johnson, that person was never identified. No evidence proved that Williams made the telephone call or knew that such a telephone call had been made.

When Williams arrived at the pharmacy, he did not identify himself as Sidney Johnson and was not asked for identification. Williams was asked to identify himself only when he was stopped by the police agent outside the pharmacy. He gave his correct name and provided identification. He also stated that he was not Sidney Johnson and "volunteered . . . that he was picking [the prescription] up for another person." This evidence fails to prove that Williams used (a) fraud, deceit, misrepresentation, or subterfuge, Code § 18.2-258.1(A)(i); (b) forgery or alteration, Code § 18.2-258.1(A)(ii); (c) concealment of a material fact, Code § 18.2-258.1(A)(iii); or (d) a false name or false address, Code § 18.2-258.1(A)(iv).

■ The Commonwealth contends that because Williams possessed a controlled substance that was obtained after someone used a false name, the trial judge could reasonably have inferred that Williams was guilty of fraudulently obtaining a controlled substance. In support of this theory, the Commonwealth relies upon the proposition that "[p]ossession of a controlled drug gives rise to an inference of the defendant's knowledge of its character."

*Josephs v. Commonwealth*, 10 Va. App. 87, 101, 390 S.E.2d 491, 498-99 (1990). The Commonwealth also asserts that the trier of fact could have disbelieved Williams' statement to the agent that he was getting the prescription for someone else. Even if we ignore the fact that a finding of "possession" first requires that an accused actually possess "a modicum of an illegal drug," *Robbs v. Commonwealth*, 211 Va. 153, 154, 176 S.E.2d 429, 430-31 (1970), the Commonwealth's argument must fail.

 To establish "possession" in the legal sense, not only must the Commonwealth show actual or constructive possession of the drug by the defendant, it must also establish that the defendant intentionally and consciously possessed the drug with knowledge of its nature and character. *Burton v. Commonwealth*, 215 Va. 711, 713, 213 S.E.2d 757, 758-59 (1975). "Knowledge of the presence and character of the controlled substance may be shown by evidence of the acts, statements or conduct of the accused." *Eckhart v. Commonwealth*, 222 Va. 447, 450, 281 S.E.2d 853, 855 (1981). However, the Commonwealth can point to no evidence to prove Williams knew or should have known that Dr. Mathews had not prescribed the prescription for Sidney Johnson. Although the pharmacist was asked to prepare diazepam, a drug listed in Code § 54.1-3452 as a Schedule IV controlled substance, neither diazepam nor any other prescription drug name was written on the bag or prescription label. There was no testimony indicating that Williams asked for the prescription by the name of the drug purportedly prescribed. Williams simply asked to pick up the prescription for Sidney Johnson.

 No evidence proved that Williams' statement to the police that he was merely picking up the prescription for a third party was any less likely than the Commonwealth's claim that he was illegally trying to procure a controlled substance.

> The judgment of the court sitting without a jury will not be set aside unless it is plainly wrong or without evidence to support it. However, a trial court's conclusion based on evidence that is "not in material conflict" does not have this binding effect on appeal. The trier of fact must determine the weight of the testimony and the credibility of the witnesses, but it "may not arbitrarily disregard uncontradicted evidence of unimpeached witnesses which is not inherently incredible

and not inconsistent with facts in the record." A court may not base its findings on a suspicion which is contrary to the undisputed positive testimony.

*Hankerson v. Moody*, 229 Va. 270, 274-75, 329 S.E.2d 791, 794 (1985) (quoting *Cheatham v. Gregory*, 227 Va. 1, 4, 313 S.E.2d 368, 370 (1984) (other citations omitted). Indeed, it is fundamental to our jurisprudence that "[w]here evidence is entirely circumstantial, all necessary circumstances proved must be consistent with guilt and inconsistent with innocence, and must exclude every reasonable hypothesis of innocence." *Bridgeman v. Commonwealth*, 3 Va. App. 523, 526, 351 S.E.2d 598, 600 (1986).

■ It is likewise a fundamental axiom of criminal law that the Commonwealth must prove beyond a reasonable doubt every constituent element of a crime before a defendant may stand convicted of that crime. *Jackson v. Virginia*, 443 U.S. 307, 315-16 (1979). The evidence in this record is insufficient to support Williams' conviction under any theory advanced by the Commonwealth. Accordingly, we reverse the judgment and dismiss the indictment.

*Reversed and dismissed.*

Elder, J., and Willis, J., concurred.