COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Clements and Senior Judge Hodges
Argued at Chesapeake, Virginia


TONY BROWN
                                    MEMORANDUM OPINION* BY
v.    Record No. 2516-99-1          JUDGE RICHARD S. BRAY
                                       OCTOBER 10, 2000
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
                    Johnny E. Morrison, Judge

          S. Jane Chittom, Appellate Counsel (Public
          Defender Commission, on briefs), for
          appellant.

          Virginia B. Theisen, Assistant Attorney
          General (Mark L. Earley, Attorney General, on
          brief), for appellee.


     Tony Brown (defendant) was convicted in a bench trial for

possession of heroin with intent to distribute, a violation of

Code § 18.2-248.  On appeal, he contends the evidence was

insufficient to support the conviction.  We agree and reverse the

trial court.

     The parties are fully conversant with the record, and this

memorandum opinion recites only those facts necessary to a

disposition of the appeal.  In accordance with well established

principles, we view the evidence in the light most favorable to

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

the Commonwealth.  See Archer v. Commonwealth, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997).

"To establish 'possession' in the legal sense, not only must the Commonwealth show actual or constructive possession of the drug by the defendant, it must also establish that the defendant intentionally and consciously possessed the drug with knowledge of its nature and character."  Williams v. Commonwealth, 14 Va. App. 666, 669, 418 S.E.2d 346, 348 (1992) (citation omitted).  "'Knowledge of the presence and character of the controlled substance may be shown by evidence of the acts, statements or conduct of the accused.'"  Id. at 669, 418 S.E.2d at 348 (citation omitted).  Circumstantial evidence is sufficient to establish the requisite elements of possession, provided such proof excludes every reasonable hypothesis of innocence.  See Tucker v. Commonwealth, 18 Va. App. 141, 143, 442 S.E.2d 419, 420 (1994).  "Whenever the evidence leaves indifferent which of several hypotheses is true, or merely establishes only some finite probability in favor of one hypothesis, such evidence does not amount to proof of guilt beyond a reasonable doubt." Sutphin v. Commonwealth, 1 Va. App. 241, 248, 337 S.E.2d 897, 900 (1985).

Here, Portsmouth detectives observed defendant and "another gentleman," later identified as "Mr. McClelland," standing "very close together" on a street corner.  As the detectives approached in an "unmarked" police vehicle, McClelland "handed [defendant] a

-

small plastic container," defendant glanced toward the police car, and, without "look[ing] at the item," immediately returned it to McClelland. McClelland then fled with detectives in pursuit, discarding the container, later recovered and identified as a "Tic-Tac box," in his haste. Subsequent investigation and analysis of the contents revealed "forty-five capsules" of "off-white powder," 2.81 grams of heroin.

Thus, the record establishes only that McClelland passed defendant an innocuous closed container as the two men conversed, which defendant immediately returned, without examination. Again in possession of the box and aware of police presence, McClelland fled, then ridding himself of the contraband, while defendant remained at the scene. Such evidence suggests a myriad of scenarios consistent with defendant's innocence. The Commonwealth's argument that his quick return of the box constituted evasive action indicative of "a consciousness of guilt" is unpersuasive. To the contrary, and more compelling, defendant did not join McClelland in flight at the sight of police.

Thus, while defendant's conduct may have aroused suspicion of criminal conduct, "'suspicion of guilt, however strong, is insufficient to support a criminal conviction.'" Boothe v. Commonwealth, 4 Va. App. 484, 492, 358 S.E.2d 740, 745 (1987) (citation omitted).

-

Accordingly, we reverse the conviction.

                                    <u>Reversed and dismissed</u>.