COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Bumgardner and Felton
Argued at Salem, Virginia


JIMMY DALE ADKINS
                                    MEMORANDUM OPINION* BY
v.    Record No. 3267-01-3    CHIEF JUDGE JOHANNA L. FITZPATRICK
                                       OCTOBER 29, 2002
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF DANVILLE
                    Joseph W. Milam, Jr., Judge

            Robert W. Williams, Jr., Assistant Public
            Defender (S. Jane Chittom, Appellate
            Defender; Public Defender Commission, on
            brief), for appellant.

            Eugene Murphy, Assistant Attorney General
            (Jerry W. Kilgore, Attorney General, on
            brief), for appellee.


     Jimmy Dale Adkins (appellant) was convicted in a bench

trial of possession of cocaine, in violation of Code § 18.2-250.

On appeal, he contends that the evidence was insufficient to

prove he possessed the drugs that were found in clothing near

him.  For the following reasons, we affirm the judgment of the

trial court.

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

I.  BACKGROUND

Under familiar principles of appellate review, we examine the evidence in the light most favorable to the Commonwealth, the prevailing party below, granting to it all reasonable inferences fairly deducible therefrom.  See Juares v. Commonwealth, 26 Va. App. 154, 156, 493 S.E.2d 677, 678 (1997).

So viewed, the evidence established that on January 10, 2001, at approximately 9:30 a.m., Deputy Sheriff Michael Hill (Hill), Deputy Sheriff Barry Breakley (Breakley) and Officer Christopher Tillman (Tillman) arrived at appellant's home to serve an emergency commitment order (ECO) obtained by appellant's mother earlier that morning.  The officers found appellant naked and asleep on the living room couch.  The officers were told that he slept with a knife and were concerned about his use of a weapon.  There was a pile of male clothing on the floor next to the couch and close to appellant's head. There were no other clothes in the area.  Hill explained that appellant had to go with the officers because they had an ECO, and appellant said, "Well, let me get some clothes on." Breakley testified

> When I told [appellant] to get up . . . that
> he had to go with me, I noticed he didn't
> have any clothes on, so I immediately
> reached down and picked up the clothes in
> front of him on the floor, and started to
> frisk 'em [sic] for to see [sic] if it was a

weapon in 'em [sic], before I gave 'em [sic]
to him.

Breakley found a vial in the shirt pocket that contained 13 rocks of cocaine with a weight of 1.35 grams and smoking devices on the floor directly under the clothes. After the vial was removed, appellant dressed in the clothes. Appellant conceded that the clothes belonged to him.

Although appellant's mother left the home for a brief period to obtain the ECO and take her grandchildren to school, she testified that there "wasn't anybody [else] there that day." The trial court found the evidence proved the clothes and the drugs found in them belonged to appellant.

> I would agree that . . . the defendant never
> made an affirmative statement to the effect
> of "These clothes are mine." However, I
> think by his words and actions, he clearly
> established the clothes as belonging to him
> . . . .

Appellant appeals from that decision.

## II.  STANDARD OF REVIEW

In reviewing the sufficiency of the evidence, "the judgment of the trial court sitting without a jury is entitled to the same weight as a jury verdict." Saunders v. Commonwealth, 242 Va. 107, 113, 406 S.E.2d 39, 42, cert. denied, 502 U.S. 944 (1991).

"[T]he trial court's judgment will not be set aside unless plainly wrong or without evidence to support it." Hunley v.

Commonwealth, 30 Va. App. 556, 559, 518 S.E.2d 347, 349 (1999).

"The credibility of a witness and the inferences to be drawn from proven facts are matters solely for the fact finder's determination." Marable v. Commonwealth, 27 Va. App. 505, 509-10, 500 S.E.2d 233, 235 (1998) (internal citation omitted).

### III.  CONSTRUCTIVE POSSESSION

Appellant contends the trial court erred in finding the evidence sufficient to prove that he constructively possessed the drugs found in the clothing.  Specifically, he argues that the evidence at trial failed to show that he was aware of the presence and character of the cocaine.  We disagree.

"The Commonwealth may prove possession of a controlled substance by showing either actual or constructive possession." Barlow v. Commonwealth, 26 Va. App. 421, 429, 494 S.E.2d 901, 904 (1998).

"To establish 'possession' in the legal sense, not only must the Commonwealth show actual or constructive possession of the drug by the defendant, it must also establish that the defendant intentionally and consciously possessed the drug with knowledge of its nature and character." Williams v. Commonwealth, 14 Va. App. 666, 669, 418 S.E.2d 346, 348 (1992) (internal citation omitted).

> To support a conviction based on
> constructive possession, the Commonwealth
> must point to evidence of acts, statements,

or conduct of the accused or other facts or circumstances which tend to show that the defendant was aware of both the presence and character of the substance and that it was subject to his dominion and control.

Glasco v. Commonwealth, 26 Va. App. 763, 774, 497 S.E.2d 150, 155 (1998) (internal citation omitted).

"Proof of constructive possession necessarily rests on circumstantial evidence; thus, all necessary circumstances proved must be consistent with guilt and inconsistent with innocence and exclude every reasonable hypothesis of innocence." Burchette v. Commonwealth, 15 Va. App. 432, 434, 425 S.E.2d 81, 83 (1992) (internal citations omitted). However, "[t]he Commonwealth need only exclude reasonable hypotheses of innocence that flow from the evidence, not those that spring from the imagination of the defendant." Hamilton v. Commonwealth, 16 Va. App. 751, 755, 433 S.E.2d 27, 29 (1993).

Although mere proximity to drugs is insufficient to establish possession, it is a circumstance which may be probative in determining whether an accused possessed such drugs. Ownership or occupancy of the [location] in which drugs are found is likewise a circumstance probative of possession. In resolving this issue, the court must consider the totality of the circumstances disclosed by the evidence.

Glasco, 26 Va. App. at 774, 497 S.E.2d at 155 (internal citations omitted).

- 5 -

The circumstantial evidence clearly supports the trial court's findings that the clothes containing the drugs belonged to appellant and that he knew their nature and character. The clothing was found next to the couch where appellant was sleeping naked. It was the only clothing in the area. Once the cocaine was removed from the clothing, appellant dressed in the clothes and conceded at argument that the evidence established the clothes to be his. The fact that appellant made no statement about the drugs does not require the fact finder to disregard the other circumstantial evidence linking him to the drugs. His close proximity to the clothes containing the drugs; the smoking devices located under the clothes; the lack of any other male with access to the clothes or drugs were all properly considered by the trial court. For the foregoing reasons, we affirm the conviction.

Affirmed.