COURT OF APPEALS OF VIRGINIA

Present: Judges Benton, Elder and Frank
Argued at Chesapeake, Virginia


FONTAINE LAMONT SHEPPARD

MEMORANDUM OPINION* BY

v.        Record No. 1270-03-1        JUDGE ROBERT P. FRANK
                                          JULY 13, 2004

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
James A. Cales, Jr., Judge

Charles B. Lustig, Assistant Public Defender (John H. Underwood,
III, Public Defender, on brief), for appellant.

Alice T. Armstrong, Assistant Attorney General (Jerry W. Kilgore,
Attorney General, on brief), for appellee.


Fontaine Lamont Sheppard (appellant) was convicted in a bench trial of possession of

heroin, in violation of Code § 18.2-250. On appeal, he contends the trial court erred in admitting the

certificate of analysis, which was not timely filed as required by Code § 19.2-187, and in finding the

evidence was sufficient to convict him. For the reasons stated, we reverse.

BACKGROUND

Officer J.S. Lilly of the Portsmouth Police Department saw appellant, whom he knew,

standing in the "breezeway" of 1118 Virginia Avenue. Officer Lilly began running in appellant's

direction. Appellant "turned and started running up the stairway of 1118," into Apartment F.

Officer Lilly knocked on the door of Apartment F and was admitted by an occupant,

Richard Alston. Officer Lilly "saw [appellant] coming out of the bathroom . . . and head to . . . the

master bedroom." When Officer Lilly reached the bedroom, "[appellant] was actually . . . heading

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

back towards the doorway, stepping on the middle of the bed." Officer Lilly testified appellant was "coming from" a small nightstand located under a window. The top drawer of the nightstand was "slightly open." Officer Lilly took appellant into custody and directed Officer Durham to look into the nightstand.

When Officer Durham looked in the open drawer, he immediately "saw a plastic baggie with approximately twenty-five caps of heroin or suspected heroin." It looked like "someone had just plopped it down inside the nightstand table."

After Officer Durham found the suspected heroin, appellant told Officer Lilly, "The dope you found wasn't mine. You know that I don't hold that much weight. I was just helping a friend . . . . You know me, Lilly. I never got caught with that much weight. The dope is his."

The occupants, Jonte Tyndall and Richard Alston, denied having any drugs in the apartment and denied knowing appellant.

The trial was originally scheduled for March 19, 2003, but was advanced to March 4, 2003 to accommodate a witness, who was being sent overseas by the military the next day. On March 4, 2003, prior to arraignment, the Commonwealth made a motion requesting that the court hear some testimony that day, but continue the remainder of the case to allow the Commonwealth to timely file the certificate of analysis pursuant to Code § 19.2-187. The certificate had not been received by the Commonwealth or filed in the clerk's office by the time of the trial on March 4. The certificate was ultimately filed later that day. Appellant argued the Commonwealth's motion to bifurcate the testimony was simply an attempt to circumvent the seven-day filing requirement for certificates. Appellant objected to any "continuance and/or any acceptance of half of a trial today."

The trial court overruled appellant's objection and proceeded to hear part of the Commonwealth's case. The matter was then continued until March 12, 2003, when the

Commonwealth put on the remainder of its case, including the certificate of analysis that indicated the substance found in the drawer was heroin.

During the course of its case, the Commonwealth offered the certificate of analysis. Appellant responded, "no objection," and then stated, "Your Honor, maybe I should clarify I have no objection other than the standing objection for the bifurcated trial or the adjourned trial."

<u>ANALYSIS</u>

We first examine appellant's argument that the evidence was insufficient to convict him of possession of heroin.

> [I]n reviewing a claim of sufficiency of the evidence on appeal, we "consider the evidence and all reasonable inferences fairly deducible therefrom in the light most favorable to the Commonwealth[,]" the party prevailing below. <u>Derr v. Commonwealth</u>, 242 Va. 413, 424, 410 S.E.2d 662, 668 (1991). We must affirm the trial court's judgment unless "plainly wrong," <u>Phan v. Commonwealth</u>, 258 Va. 506, 511, 521 S.E.2d 282, 284 (1999), and we will not overrule that judgment and "'substitute [our] own judgment, even if [our] opinion might differ from [the trial court's].'" <u>Id.</u> (quoting <u>George v. Commonwealth</u>, 242 Va. 264, 278, 411 S.E.2d 12, 20 (1991)); <u>see also Sanchez v. Commonwealth</u>, 41 Va. App. 319, 335, 585 S.E.2d 327, 335 (2003) [*rev'd on other* grounds].

<u>Correll v. Commonwealth</u>, 42 Va. App. 311, 323, 591 S.E.2d 712, 718 (2004).

Appellant claims the Commonwealth's evidence did not prove he knowingly or intentionally possessed heroin. He claims the evidence proved only that he was in a room in which heroin was found.

> "The Commonwealth may prove possession of a controlled substance by showing either actual or constructive possession." <u>Barlow v. Commonwealth</u>, 26 Va. App. 421, 429, 494 S.E.2d 901, 904 (1998).
>
> "To establish 'possession' in the legal sense, not only must the Commonwealth show actual or constructive possession of the drug by the defendant, it must also establish that the defendant intentionally and consciously possessed the drug with knowledge

> of its nature and character." Williams v. Commonwealth, 14
> Va. App. 666, 669, 418 S.E.2d 346, 348 (1992) (citation omitted).
>
>> To support a conviction based on constructive possession,
>> "the Commonwealth must point to evidence of acts,
>> statements, or conduct of the accused *or other facts or
>> circumstances which tend to show that the defendant* was
>> aware of both the presence and character of the substance
>> and that it was subject to his dominion and control."
>
> Glasco v. Commonwealth, 26 Va. App. 763, 774, 497 S.E.2d 150,
> 155 (1998) (citation omitted) (emphasis added).

Birdsong v. Commonwealth, 37 Va. App. 603, 607-08, 560 S.E.2d 468, 470 (2002).

Appellant argues the only evidence that linked him to the heroin was his exit from in a bedroom in which the drugs were found. The record belies that assertion. Appellant was found stepping on the bed, moving away from a nightstand with its drawer slightly opened. Police found the drugs on top of other items in the drawer. Appellant was in close proximity to the drugs.

Appellant testified he was invited into the apartment, but he also denied entering the bedroom, both assertions contradicting the testimony of other witnesses. "In its role of judging witness credibility, the fact finder is entitled to disbelieve the self-serving testimony of the accused and to conclude that the accused is lying to conceal his guilt." Marable v. Commonwealth, 27 Va. App. 505, 509-10, 500 S.E.2d 233, 235 (1998). The trial court clearly did not believe appellant's statements, a decision that is left to his discretion. Further, the trial court could properly conclude that appellant, possessing heroin, fled when he saw Officer Lilly, entered a stranger's apartment, and hid the drugs in the nightstand to avoid detection. Ricks v. Commonwealth, 39 Va. App. 330, 335-37, 573 S.E.2d 266, 268-69 (2002) (explaining that flight can be considered by the fact finder as evidence of guilt).

Most significantly, appellant's analysis ignores his statement to the police after his capture. When he was arrested, appellant told Officer Lilly, "I was just helping a friend. I never

got caught with that much weight. The dope is his." The trial court could reasonably infer from this statement that appellant possessed the drugs for a friend. Appellant implicitly admitted he "intentionally and consciously possessed the drug with knowledge of its nature and character." Williams, 14 Va. App. at 669, 418 S.E.2d at 348. He implicitly admitted holding the drugs for a friend and having some idea of the amount of drugs in the drawer. He simply denied ownership, which is not an element of the crime of possession. See Code § 18.2-250 (criminalizing possession, not ownership, of controlled substances). We conclude the evidence was sufficient to convict appellant of possession of heroin.

Appellant next contests the admissibility of the certificate of analysis, which was not filed at least seven days prior to the hearing or trial. See Code § 19.2-187 (predicating admissibility of the certificate on its filing with the clerk of court at least seven days prior to trial). The Commonwealth concedes the certificate was not timely filed. Further, in its brief, the Commonwealth concedes, "[a] continuance of any length after the trial ha[s] begun" does not remedy a failure to comply with the statute. Bottoms v. Commonwealth, 20 Va. App. 466, 469, 457 S.E.2d 796, 797 (1995). However, the Commonwealth contends appellant did not object to the admissibility of the certificate when it was offered at the March 12, 2003 continuance of the original trial.[1] We disagree.

When the certificate was offered, appellant indicated he had no objection, but then clarified his position by saying, "I have no objection other than the standing objection for the bifurcated trial or the adjourned trial." The Commonwealth argues this statement was not an objection to the admissibility of the certificate, but only reminded the trial court of his earlier

---

[1] The Attorney General conceded during oral argument that appellant made the appropriate arguments on March 4, 2003 to preserve the issue for appeal. However, the Attorney General contends appellant effectively waived this argument on March 12.

- 5 -

objection to the continuance and the bifurcated trial. Thus, the Commonwealth continues, the admissibility of the certificate was not preserved under Rule 5A:18.

> "[U]nder Rule 5A:18 we do not notice the trial errors for which no timely objection was made except in extraordinary situations when necessary to enable us to attain the ends of justice. The laudatory purpose behind Rule 5A:18, and its equivalent Supreme Court Rule 5:25, frequently referred to as the contemporaneous objection rules, is to require that objections be promptly brought to the attention of the trial court with sufficient specificity that the alleged error can be dealt with and timely addressed and corrected when necessary. The rules promote orderly and efficient justice and are to be strictly enforced except where the error has resulted in manifest injustice. Errors can usually be corrected in the trial court, particularly in a bench trial, without the necessity of appeal."

Bazemore v. Commonwealth, 42 Va. App. 203, 218, 590 S.E.2d 602, 609 (2004) (*en banc*) (quoting Brown v. Commonwealth, 8 Va. App. 126, 131, 380 S.E.2d 8, 10 (1989)).

Here, when the Commonwealth made its motion and explained that the certificate was not available, appellant advised the trial court that he objected to a trial proceeding in a piece-meal manner in order to permit the Commonwealth to file the certificate after the beginning of the trial, in violation of Code § 19.2-187. Appellant complained, "The absolute only reason that we're continuing or recessing is because the drug report was not filed."

Thus, by referring to his earlier objection to bifurcating the trial, appellant unequivocally put the trial court on notice that he was objecting to the introduction of the certificate. Appellant's clarification of his "no objection" was sufficient to indicate to the trial court that he intended to rely on his earlier objection. The trial court acknowledged it "underst[oo]d" the objection. Nothing in the record suggests appellant abandoned his objection to the continuance of the case in order to allow admission of the certificate.

Since the Commonwealth concedes the certificate was not filed within the required seven days, and we find appellant did preserve his objection to the admissibility of the certificate, we find the trial court erred in admitting the certificate, in violation of Code § 19.2-187.

We reverse the judgment of the trial court because the admission of a certificate of analysis in violation of Code § 19.2-187 is always deemed prejudicial.  See Woodward v. Commonwealth, 16 Va. App. 672, 674, 432 S.E.2d 510, 512 (1993) (stating that "[p]rejudice to the defendant from a failure to comply [with Code § 19.2-187] need not be shown").  We remand the case for a new trial, if the Commonwealth is so inclined, because "this reversal is for mere trial error, and not for evidentiary insufficiency."  Gray v. Commonwealth, 220 Va. 943, 946, 265 S.E.2d 705, 706 (1980).

Reversed and remanded.

Benton, J., concurring.

I concur in the reversal and remand for a new trial. When a case is to be remanded and retried because of trial error, a "discussion [of] the [sufficiency of the evidence . . . would only be proper if, upon it, no other verdict, save that of 'not guilty' could properly be reached." Allen v. Commonwealth, 171 Va. 499, 504, 198 S.E. 894, 897 (1938). I believe it is sufficient to say in the posture of this case that we cannot conclude as a matter of law that the evidence was insufficient to support the verdict. See Parsons v. Commonwealth, 32 Va. App. 576, 584-85, 529 S.E.2d 810, 814 (2000) (Benton, J., concurring and dissenting).