COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Felton, Judges Kelsey and Huff
Argued by teleconference


HENRY CLAY TIGGS

v.        Record No. 0108-11-1

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE GLEN A. HUFF
NOVEMBER 29, 2011


FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
James A. Cales, Jr., Judge

Gregory K. Matthews (Office of the Public Defender, on brief), for
appellant.

Kathleen B. Martin, Senior Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.


Henry Clay Tiggs ("appellant") appeals his conviction of attempt to commit prescription

fraud, in violation of Code § 18.2-258.1. Following a bench trial in the Circuit Court of the City

of Portsmouth ("trial court"), appellant was sentenced to five years' incarceration, with three

years suspended. On appeal, appellant contends that the trial court erred in finding the evidence

sufficient to prove that he attempted to procure a prescription by fraud. For the following

reasons, we affirm the judgment of the trial court.

I. BACKGROUND[1]

On appeal, "'we consider the evidence and all reasonable inferences flowing from that

evidence in the light most favorable to the Commonwealth, the prevailing party at trial.'"

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] As the parties are fully conversant with the record in this case, and because this
memorandum opinion carries no precedential value, this opinion recites only those facts and
incidents of the proceedings as are necessary to the parties' understanding of this appeal.

Williams v. Commonwealth, 49 Va. App. 439, 442, 642 S.E.2d 295, 296 (2007) (en banc) (quoting Jackson v. Commonwealth, 267 Va. 666, 672, 594 S.E.2d 595, 598 (2004)).  So viewed, the evidence establishes that on August 26, 2008, appellant, a resident of Norfolk, presented a prescription for fifteen milligrams of Roxicodone (a controlled narcotic) at Drug Center Pharmacy in Portsmouth.  The prescription was purportedly written by Dr. Ramnath Nayak ("Nayak") and dated August 14, 2008.  The on-duty pharmacist, Owen Irwin ("Irwin"), observed that the prescription "looked like it was just written" and did not contain "the usual handwriting of a prescription."  Also, the letters spelling the prescription drug's name appeared to have "been written over . . . at least two times."

Based on these observations, Irwin asked Karen Young ("Young"), the pharmacy technician, to verify the prescription's validity.  Young contacted Ann Marie Clark ("Clark"), who had served as Dr. Nayak's office manager for twenty-eight years.  Clark confirmed that Dr. Nayak had not written the prescription presented by appellant.  Clark testified at trial that she was familiar with Dr. Nayak's handwriting from having seen other prescriptions he had written and that Dr. Nayak had kept his blank prescription forms on his desk.  Clark further testified that Dr. Nayak had terminated his medical practice in May of 2008, at which time she had personally shredded his unused prescription forms.

Appellant testified at trial that his mother had instructed him to get the prescription filled for his ailing brother, Sylvester, but that his mother had died approximately four months ago.  Appellant also conceded that he had four prior felony convictions.

At the conclusion of the trial, the judge stated, "I don't believe the defendant, point blank," and found appellant guilty of attempt to commit prescription fraud, in violation of Code § 18.2-258.1.  This appeal followed.

## II. STANDARD OF REVIEW

In a challenge to the sufficiency of the evidence on appeal, "[a]n appellate court is not permitted to substitute its own judgment for that of the finder of fact . . . ." Commonwealth v. Presley, 256 Va. 465, 466, 507 S.E.2d 72, 72 (1998) (citations omitted). "'We will affirm the conviction unless it is plainly wrong or without evidence to support it.'" Settle v. Commonwealth, 55 Va. App. 212, 215-16, 685 S.E.2d 182, 184 (2009) (quoting Dunaway v. Commonwealth, 52 Va. App. 281, 299, 663 S.E.2d 117, 126 (2008)). However, "[t]he weight which should be given to evidence and whether the testimony of a witness is credible are questions which the fact finder must decide." Pease v. Commonwealth, 39 Va. App. 342, 354, 573 S.E.2d 272, 278 (2002) (quoting Cantrell v. Commonwealth, 7 Va. App. 269, 290, 373 S.E.2d 328, 339 (1988)).

## III. ANALYSIS

Appellant contends that the evidence was insufficient to prove he attempted to commit prescription fraud. Specifically, appellant argues that he thought the prescription was valid because his mother had given it to him with the instruction to get it filled for his brother.

On appeal, "we determine whether the evidence, viewed in the light most favorable to the prevailing party, the Commonwealth, and the reasonable inferences fairly deducible from that evidence support each and every element of the charged offense." Haskins v. Commonwealth, 31 Va. App. 145, 149-50, 521 S.E.2d 777, 779 (1999). Code § 18.2-258.1 provides, in pertinent part, that

> A. It shall be unlawful for any person to obtain or attempt to obtain any drug or procure or attempt to procure the administration of any controlled substance, marijuana, or synthetic cannabinoids: (i) by fraud, deceit, misrepresentation, embezzlement, or subterfuge; or (ii) by the forgery or alteration of a prescription or of any written order; or (iii) by the concealment of a material fact; or (iv) by the use of a false name or the giving of a false address.

- 3 -

B.  It shall be unlawful for any person to furnish false or fraudulent information in or omit any information from, or willfully make a false statement in, any prescription, order, report, record, or other document required by Chapter 34 (§ 54.1-3400 et seq.) of Title 54.1.

\*　　\*　　\*　　\*　　\*　　\*　　\*

E.  It shall be unlawful for any person to make or utter any false or forged prescription or false or forged written order.

"Circumstantial evidence is as competent and is entitled to as much weight as direct evidence, provided it is sufficiently convincing to exclude every reasonable hypothesis except that of guilt."  Coleman v. Commonwealth, 226 Va. 31, 53, 307 S.E.2d 864, 876 (1983).  "However, 'the Commonwealth need only exclude reasonable hypotheses of innocence that flow from the evidence, not those that spring from the imagination of the defendant.'"  Stevens v. Commonwealth, 38 Va. App. 528, 535, 567 S.E.2d 537, 540 (2002) (citation omitted).

"Whether an alternative hypothesis of innocence is reasonable is a question of fact . . .," Pease, 39 Va. App. at 355, 573 S.E.2d at 278 (citation omitted), and "the factfinder is entitled to consider a party's dishonesty about a material fact as 'affirmative evidence of guilt,'" Haskins v. Commonwealth, 44 Va. App. 1, 11 n.3, 602 S.E.2d 402, 407 n.3 (2004) (quoting Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 147 (2000)).

Appellant argues that his role is analogous to the defendant's in Williams v. Commonwealth, 14 Va. App. 666, 418 S.E.2d 346 (1992).  However, appellant's reliance on our decision in Williams is misplaced.  In Williams, we held that the defendant did not violate Code § 18.2-258.1 where another individual fraudulently called in a prescription, which the defendant then attempted to retrieve on a third party's behalf.  Id. at 669, 418 S.E.2d at 348.  On these facts alone, we held the evidence insufficient to advance the Commonwealth's hypothesis that the defendant had knowledge of the fraud.  Id. at 670, 418 S.E.2d at 348.  By contrast, the evidence

here proves that appellant presented the unauthorized prescription form himself, and thus Williams is inapplicable.

In this case, the evidence was sufficient to establish that appellant attempted to commit prescription fraud. Dr. Nayak, who allegedly wrote the prescription, had terminated his medical practice in May of 2008. The prescription, however, was purportedly written on August 14, 2008, and appellant did not present it to the pharmacy until August 26, 2008. After receiving the prescription, the on-duty pharmacist perceived the prescription to be suspicious on its face, both because the handwriting looked atypical and because the letters spelling the prescription drug's name looked like they had been written over more than once. Clark, Dr. Nayak's long-time employee, also identified the prescription as fraudulent. Clark testified at trial that she had regularly seen Dr. Nayak's completed prescription forms and that the signature on this prescription form was not Dr. Nayak's.

Lastly, appellant presented wholly uncorroborated testimony that his mother had instructed him to get the prescription filled for his ailing brother. At the conclusion of the evidence, the trial court found appellant's hypothesis of innocence incredible, and the judge stated, "I don't believe the defendant, point blank." The judge was entitled not only to find that appellant's testimony lacked credibility, but also to view that testimony as affirmative evidence of his guilt. Based on the totality of the evidence, the trial court did not err in finding the evidence sufficient to convict appellant of attempt to commit prescription fraud.

Therefore, we affirm the judgment of the trial court.

Affirmed.