COURT OF APPEALS OF VIRGINIA

Present: Judges Frank, Alston and Senior Judge Bumgardner
Argued at Chesapeake, Virginia

JAMAL FEREBEE

v.      Record No. 0189-12-1

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE ROBERT P. FRANK
DECEMBER 4, 2012

FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
Dean W. Sword, Jr., Judge

Gregory K. Matthews (Office of the Public Defender, on brief), for
appellant.

David M. Uberman, Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.

Jamal Ferebee, appellant, was convicted in a bench trial, of possession with the intent to

distribute marijuana, in violation of Code § 18.2-248.1. On appeal, he challenges the sufficiency of

the evidence.[1] For the reasons stated, we affirm the judgment of the trial court.

BACKGROUND

Based on a confidential informant's tip that the driver of a particular vehicle was going to be

in possession of a large amount of marijuana, police set up surveillance at the location mentioned by

the confidential informant. Shortly thereafter, a vehicle matching the description appeared. A man

matching the description of the suspect exited the vehicle from the driver's seat, entered the gas

station, and returned to the same vehicle within minutes.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Appellant only challenges the sufficiency of the evidence as to possession, not the intent
to distribute.

Appellant, who was not the subject of the confidential informant's tip, remained in the front passenger seat of the vehicle. As the driver returned, the police approached the vehicle. They observed no furtive gestures by appellant.

Detective Kevin Johnakin was among the officers who participated in the seizure of the Volkswagen. When he approached the car, he immediately observed two large bags of marijuana clearly visible on the transmission hump. The drugs were within both the driver's and appellant's reach. Both appellant and the driver, later identified as Dennis Whigham, were arrested at the scene.

Whigham, a convicted felon and a long-time friend of appellant, testified on behalf of appellant. Whigham explained that on January 18, 2011, he was driving to the store when he picked up appellant. Whigham told the court that the marijuana in the car belonged to him and that appellant was unaware of its presence. On cross-examination, the following exchange took place:

> Q.: So you're a convicted felon. Are you saying that you weren't going to sell this marijuana?
>
> A.: No, sir. It was personal use.
>
> Q.: Okay. And you're saying that you've never smoked marijuana around him, but you guys have been childhood friends?
>
> A.: Yeah, I mean, I probably have, but like he never smoked it.
>
> Q.: Okay, and so he's seen you smoke it then?
>
> A.: I mean, he probably has.

The court, in finding appellant guilty, found there was a significant amount of marijuana in plain sight and concluded, "I don't see how in the world anyone could have gotten in the car and not seen these two bags sitting where they were sitting." The trial court also found that the appellant could have reached down and picked up the drugs.

This appeal follows.

ANALYSIS

Appellant contends the evidence is insufficient to prove that he possessed the marijuana.[2]

When addressing the sufficiency of the evidence, we "'presume the judgment of the trial court to be correct' and reverse only if the trial court's decision is 'plainly wrong or without evidence to support it.'" Kelly v. Commonwealth, 41 Va. App. 250, 257, 584 S.E.2d 444, 447 (2003) (*en banc*) (quoting Davis v. Commonwealth, 39 Va. App. 96, 99, 570 S.E.2d 875, 876-77 (2002)). In practical terms, a reviewing court does not "'ask itself whether it believes that the evidence at the trial established guilt beyond a reasonable doubt.'" Stevens v. Commonwealth, 46 Va. App. 234, 249, 616 S.E.2d 754, 761 (2005) (*en banc*) (quoting Jackson v. Virginia, 443 U.S. 307, 318-19 (1979)) (emphasis in original), aff'd, 272 Va. 481, 634 S.E.2d 305 (2006). We ask only whether "'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" Id. (quoting Kelly, 41 Va. App. at 257, 584 S.E.2d at 447). "'This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.'" Kelly, 41 Va. App. at 257-58, 584 S.E.2d at 447 (quoting Jackson, 443 U.S. at 319). Thus, we do not "substitute our judgment for that of the trier of fact" even if our opinion were to differ. Wactor v. Commonwealth, 38 Va. App. 375, 380, 564 S.E.2d 160, 162 (2002).

"To establish 'possession' in the legal sense, not only must the Commonwealth show actual or constructive possession of the drug by the defendant, it must also establish that the defendant

---

[2] On brief, appellant cites legal authority regarding a principal in the second degree. "[A] defendant is guilty as a principal in the second degree if he is guilty of some overt act done knowingly in furtherance of the commission of the crime, or if he shared in the criminal intent of the principal committing the crime." McMorris v. Commonwealth, 276 Va. 500, 505, 666 S.E.2d 348, 351 (2008). In order to convict an accused as a principal in the second degree, the Commonwealth must prove "that the defendant procured, encouraged, countenanced, or approved the criminal act." Id. at 505, 666 S.E.2d at 350. We do not discuss this position because we find the evidence proved appellant acted as a principlal in the first degree.

intentionally and consciously possessed the drug with knowledge of its nature and character." Williams v. Commonwealth, 14 Va. App. 666, 669, 418 S.E.2d 346, 348 (1992) (citation omitted). "Possession and not ownership is the vital issue. Possession may be joint or several. Two or more persons may be in possession where each has the power of control and intends to exercise control jointly." Burnette v. Commonwealth, 194 Va. 785, 792, 75 S.E.2d 482, 487 (1953).

To support a conviction based on constructive possession, "the Commonwealth must point to evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the defendant was aware of both the presence and character of the substance and that it was subject to his dominion and control." Glasco v. Commonwealth, 26 Va. App. 763, 774, 497 S.E.2d 150, 155 (1998) (citation omitted). "Proof of constructive possession necessarily rests on circumstantial evidence; thus, all necessary circumstances proved must be consistent with guilt and inconsistent with innocence and exclude every reasonable hypothesis of innocence." Burchette v. Commonwealth, 15 Va. App. 432, 434, 425 S.E.2d 81, 83 (1992) (citations omitted). However, "[t]he Commonwealth need only exclude reasonable hypotheses of innocence that flow from the evidence, not those that spring from the imagination of the defendant." Hamilton v. Commonwealth, 16 Va. App. 751, 755, 433 S.E.2d 27, 29 (1993).

Whether a particular hypothesis is reasonable is a question of fact binding on appeal "'so long as the inferences are reasonable and justified.'" Cantrell v. Commonwealth, 7 Va. App. 269, 290, 373 S.E.2d 328, 339 (1988) (quoting Higginbotham v. Commonwealth, 216 Va. 349, 353, 218 S.E.2d 534, 537 (1975)).

Although mere proximity to drugs is insufficient to establish possession, it is a circumstance that may be probative in determining whether an accused possessed such drugs. Lane v. Commonwealth, 223 Va. 713, 716, 292 S.E.2d 358, 360 (1982). "Ownership or occupancy of the vehicle in which the drugs are found is likewise a circumstance probative of possession." Glasco,

26 Va. App. at 774, 497 S.E.2d at 155 (citations omitted). Thus, in resolving this issue, we must consider "the totality of the circumstances disclosed by the evidence." Womack v. Commonwealth, 220 Va. 5, 8, 255 S.E.2d 351, 353 (1979).

Appellant cites Coward v. Commonwealth, 48 Va. App. 653, 633 S.E.2d 752 (2006), to support his position. However, the facts in Coward distinguish it from the instant case. In Coward, with the aid of a flashlight to illuminate the interior of the vehicle, the officer noticed a "hard white substance inside a . . . clear plastic baggie" sitting on the console between the driver's and passenger's seats. Id. at 656, 633 S.E.2d at 753. Coward was in the passenger seat. In reversing Coward's conviction, we held that while Coward's occupancy of the vehicle and his proximity to the drugs were factors to be considered, those two factors alone were not sufficient to convict. Id. at 658, 633 S.E.2d at 754. We emphasized there was no evidence that the baggie would have been visible in the darkness of the passenger compartment without additional lighting. Id. at 660, 633 S.E.2d at 755. However, in the instant case, the fact that the officer immediately saw the drugs without any mechanical assistance distinguishes this case from Coward.

Likewise, in Jones v. Commonwealth, 17 Va. App. 572, 439 S.E.2d 863 (1994), the police observed a small tray containing, among other objects, five small rocks of crack cocaine between the passenger's and driver's seats. The officers described the rocks as two to three times the size of the "brass head of a pen." Id. at 573, 439 S.E.2d at 863. We reversed Jones' conviction, finding no evidence proved that Jones saw the small pieces of cocaine or that he recognized the rocks as cocaine. Id. at 574, 439 S.E.2d at 864. Here, however, the size of the two bags compels a conclusion that appellant saw the marijuana. Also, because the driver "probably" smoked marijuana in front of appellant, it is reasonable to conclude that appellant knew the nature and character of the marijuana.

Smallwood v. Commonwealth, 278 Va. 625, 688 S.E.2d 154 (2009), is instructive. Smallwood was the driver of a vehicle in which police found a weapon, in plain view, in a console located between the driver's seat and the passenger's seat. Id. at 627, 688 S.E.2d at 155. Smallwood acknowledged knowing the gun was there. Id. at 628, 688 S.E.2d at 155. The Supreme Court of Virginia found his statement established he was aware of the presence and character of the firearm, but also concluded, "and even without his admission, it strains credibility that someone entering and exiting a small vehicle would fail to notice a 'small .38 silver revolver' that was in 'plain view.'" Id. at 631, 688 S.E.2d at 157. Quoting Bolden v. Commonwealth, 275 Va. 144, 149, 654 S.E.2d 584, 586 (2008), the Court opined that the contraband was "'open and obvious to someone looking in the vehicle, and it was located in immediate proximity to where [the defendant] had been sitting.'" Id. at 632, 688 S.E.2d at 157. The Smallwood analysis supports a finding that appellant intentionally and consciously possessed the marijuana.

Here, appellant was in close proximity to two bags of marijuana that the trial court found to be a "significant amount" and was clearly visible to anyone in the car. Appellant was an occupant of the vehicle, along with the driver. Appellant was within arm's reach of the marijuana. Further, while the driver was inside the gas station, appellant had exclusive dominion and control over the marijuana. We should note that case law does not require that a suspect actually exercise dominion and control over the drugs, only that the drugs are subject to his dominion and control. Bolden, 275 Va. at 148, 654 S.E.2d at 586. While appellant made no furtive gestures nor made any statements concerning the drugs, it defies logic that appellant did not see the drugs that were in plain view and seen by the officer as he approached the vehicle. Thus, the question becomes whether appellant had guilty knowledge of the marijuana.

Whigham testified that he "probably" smoked marijuana in front of appellant, "but like [appellant] never smoked it." The credibility of the witnesses and the weight accorded the

evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995). The trier of fact is not required to accept a witness' testimony, but instead is free to "rely on it in whole, in part, or reject it completely." Rollston v. Commonwealth, 11 Va. App. 535, 547, 399 S.E.2d 823, 830 (1991). While Whigham used the word "probably," the trial court was not obligated to accept this testimony. Moreover, the trial court was permitted to consider Whigham's prior felony convictions in assessing his credibility. See Code § 19.2-269. The court could properly conclude that Whigham was not truthful with the court and that Whigham did smoke marijuana in front of appellant, particularly when Whigham added that appellant "never smoked it." While Whigham could not testify he was certain that he smoked marijuana in front of appellant, he was certain that appellant did not smoke it. The trial court could properly disregard Whigham's selective memory. Thus, the trial court, as fact finder, could properly infer appellant knew of the nature and character of marijuana.

## CONCLUSION

For the reasons stated, we find the evidence was sufficient to sustain appellant's conviction for possession of marijuana with the intent to distribute. Accordingly, appellant's conviction is affirmed.

Affirmed.

Alston, J., concurring.

I concur with the decision of the learned majority to affirm appellant's conviction in this case. However, I write separately to emphasize my concern with what I see as the growing trend in Virginia jurisprudence to, in my view, conflate constructive possession with mere proximity to a controlled substance.

"When a defendant on appeal challenges the sufficiency of the evidence to sustain a conviction, we must examine the evidence that supports the conviction and allow the conviction to stand unless it is plainly wrong or without evidence to support it." Vincent v. Commonwealth, 276 Va. 648, 652, 668 S.E.2d 137, 139-40 (2008) (citing Code § 8.01-680; and Commonwealth v. Jenkins, 255 Va. 516, 520, 499 S.E.2d 263, 265 (1998)). As recognized by the majority, "[a] reviewing court does not 'ask itself whether *it* believes that the evidence at trial established guilt beyond a reasonable doubt.'" Stevens v. Commonwealth, 46 Va. App. 234, 249, 616 S.E.2d 754, 761 (2005) (*en banc*) (quoting Jackson v. Virginia, 443 U.S. 307, 318-19 (1979)), aff'd, 272 Va. 481, 634 S.E.2d 305 (2006). Rather, "[t]he issue upon appellate review is 'whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" Maxwell v. Commonwealth, 275 Va. 437, 442, 657 S.E.2d 499, 502 (2008) (quoting Jackson, 443 U.S. at 319). "In sum, '[i]f there is evidence to support the conviction, the reviewing court is not permitted to substitute its judgment, even if its view of the evidence might differ from the conclusions reached by the finder of fact at the trial.'" Commonwealth v. McNeal, 282 Va. 16, 20, 710 S.E.2d 733, 735 (2011) (quoting Commonwealth v. Taylor, 256 Va. 514, 518, 506 S.E.2d 312, 314 (1998)).

In light of this well-established and deferential standard of review, I feel bound, in the instant case, to concur with the majority's conclusion that the evidence was sufficient to prove

appellant's constructive possession of the marijuana. In finding appellant guilty, the trial court necessarily concluded that appellant intentionally and consciously possessed the marijuana with knowledge of its nature and character. See Williams v. Commonwealth, 14 Va. App. 666, 669, 418 S.E.2d 346, 348 (1992). I agree with the majority that there was evidence in the record, however scant, to support this finding of fact by the trial court. The marijuana was plainly visible within the car, and its illegal nature was apparent. In this regard, Detective Johnakin testified that he "immediately observed two large baggies of marijuana in plain view" in the car. There was no testimony that the appearance of the marijuana was in any way ambiguous. This Court has held that "[w]hen the illegal nature of the substance is apparent — as it is here — that circumstance supports a finding of the defendant's guilty knowledge of the contraband he possesses." Christian v. Commonwealth, 59 Va. App. 603, 611, 721 S.E.2d 809, 813 (2012). With the additional circumstance of Whigham's testimony that he "probably" smoked marijuana in front of appellant, from which the trial court was entitled to infer that appellant was familiar with the appearance of marijuana, I believe the evidence was in fact sufficient to support appellant's conviction in this case.[3]

---

[3] However, I do question whether Whigham's testimony is necessarily sufficient to show that appellant was familiar with the appearance of marijuana, in the form it was found in this case. While this testimony supports a finding that appellant may have been in the presence of marijuana before, it does not necessarily show that appellant had actually seen marijuana or seen it in a form other than that in which it is smoked and would be able to recognize a bag of loose marijuana on sight. Whigham's testimony may suggest that appellant would be able to identify marijuana by smell, but there is no evidence that Whigham's car smelled of marijuana. Again, however, I will not substitute my judgment for that of the finder of fact on this issue. See McNeal, 282 Va. at 20, 710 S.E.2d at 735 (quoting Taylor, 256 Va. at 518, 506 S.E.2d at 314).

In addition, it is troubling to me that other factors usually identified in support of a finding of knowing and intentional possession of a controlled substance are absent in this case. For example, there was no odor of marijuana in the car, appellant was not in sole possession of the car, appellant made no furtive gestures, appellant gave no self-serving testimony from which the trial court could infer he was lying to conceal his guilt, and appellant's hypothesis of innocence — that the marijuana belonged to Whigham, not appellant — did not rely on the implausible claim that someone must have abandoned the contraband, a valuable substance, in

However, I am concerned by what I see as the growing trend in Virginia jurisprudence to conflate mere proximity to a controlled substance with possession of it. "In a prosecution for possession of a controlled substance, the Commonwealth must produce evidence sufficient to support a conclusion beyond a reasonable doubt that the defendant's possession of the drug was knowing and intentional." Young v. Commonwealth, 275 Va. 587, 591, 659 S.E.2d 308, 310 (2008). Thus, possession normally requires both a physical act, the ability to subject the substance to one's dominion and control, and a mental state, knowing and intentional possession. "That knowledge is an *essential* element of the crime." Id. (emphasis added).

In my view, our jurisprudence should not encourage a factfinder to merely *assume* a defendant's familiarity with a controlled substance. If knowing possession is an essential element of the crime, see id., then the Commonwealth should be required to prove this element beyond a reasonable doubt, just as it is required to prove every other element of the offense. Guilty knowledge should not be presumed; it must be established by the evidence. This is not a mere technicality of our law; rather, it is a legal principle that we must observe to safeguard the innocent from criminal liability as a result of unlawful acts perpetrated by others of which they have no knowledge.

Furthermore, Virginia jurisprudence requires not only *knowing* possession of the controlled substance, but also *intentional* possession. Id. There is a distinction between knowledge that one is in the presence of a controlled substance and the intent to possess the controlled substance. I am troubled by the seemingly increasing willingness of Virginia courts to overlook this crucial element of constructive possession and find guilt based on mere proximity to and knowledge of a controlled substance, absent any direct evidence of the intent to possess it.

---

the car. Cf. Ervin v. Commonwealth, 57 Va. App. 495, 505-21, 704 S.E.2d 135, 140-48 (2011) (*en banc*).

- 10 -

In short, I concur with the majority in this case in light of the extremely deferential standard of review and the trial court's implicit findings of fact. However, I am concerned that the controlling principles in this area of the law may well be evolving to the point where mere proximity to a controlled substance is sufficient to establish constructive possession. In my view, legal culpability must be based on more than mere proximity. If my perception of a jurisprudential drift conflating proximity with possession is accurate, I would be seriously concerned that criminal liability will extend to those with even the most tenuous connections to the controlled substance. Consistent with the legal standard of proof required by Virginia precedent, the facts found by the trial court in this case minimally established more than mere proximity. For that reason alone, I concur with the judgment of the majority.